RADER *v.* PAYNE.

4-3353

Opinion delivered February 19, 1934.

Oscar E. Williams, for appellant.

John Nance and C. D. Atkinson, for appellee.

HUMPHREYS, J. The question involved on this appeal is whether appellant is estopped to deny the validity of the orders and judgments of the probate court of Washington County appointing appellee, Ida May Payne, guardian of the person and estate of her mother, Lillian R. Sager, and in appointing appellee, Elmer Johnson, guardian in succession to Ida May Payne of said estate.

Appellant appealed from the orders and judgments of the probate court, and also filed a petition for writ of certiorari seeking to reverse and quash them on the ground that they were void for the alleged reason that the court had no jurisdiction to make and enter them.

The jurisdiction of the probate court was assailed because the order and judgment appointing appellee, Ida May Payne, was an approval of letters of guardianship issued to her by the probate clerk in vacation, for the further reason that nonresidents only signed the guardian's bond, and for the further reason that Lillian R. Sager was not present in court and examined as to the condition of her mind before said order and judgment was rendered; and the appointment of Elmer Johnson in succession was assailed because the appointment of the original guardian was void.

The cause was submitted to the court without the intervention of a jury, upon the pleadings and testimony, at the conclusion of which appellant requested the court to find the facts and declare the law separately which the court declined to do, but made a general finding of both the law and the fact in favor of appellees, from which is this appeal.

The following facts, briefly stated, are disclosed by the record; the original judgment rendered and entered by the probate court did not contain a finding that Mrs.

Sager was present and examined, and the original judgment appointing Elmer Johnson as guardian in succession did not state the judgment was rendered and entered with the consent of appellant, but there is a *nunc pro tunc* order made and entered at a subsequent term by the probate court reciting that these findings had been made and omitted from the judgments which were entered theretofore. Mrs. Rader and Mrs. Payne are sisters, and the only daughters and heirs of Mrs. Sager. In July and August, 1931, the daughters resided in Minneapolis, Minnesota, and Mrs. Sager, who was old and feeble, resided in Springdale, Arkansas. Mrs. Sager owned a home and about $8,000 in money. By agreement of the daughters, and on a formal application of Mrs. Payne, she was appointed guardian of the person and estate of Mrs. Sager by the clerk of the probate court of Washington County in vacation, and executed a guardian's bond in the sum of $10,000, which both appellant and appellee signed; whereupon, Mrs. Payne took charge of her mother's property, as well as her person. At the succeeding term of court, and after an examination of Mrs. Sager in open court concerning the condition of her mind, the vacation appointment was confirmed, and the bond was approved by the court. At a subsequent term of court, Mrs. Rader filed a petition or motion to remove Mrs. Payne as guardian; whereupon Mrs. Payne filed a final report and tendered her resignation. The report was approved and her resignation was accepted. By agreement of the attorneys representing appellant and appellee, her sister, Elmer Johnson was appointed guardian in succession, and continued to act in that capacity until after the death of Mrs. Sager, at which time he was appointed administrator of her estate. By consent of the parties, the appeals and petition for certiorari were consolidated and tried by the court with the result stated above.

Appellant contends for a reversal of the judgment because the trial court refused to state his conclusions of facts separately from his conclusions of law in compliance with § 1309 of Crawford & Moses' Digest, which is as follows:

"Upon trials of questions of fact by the court, it shall state in writing the conclusions of fact found separately from the conclusions of law."

Although the trial court refused to adopt the conclusions of law and conclusions of fact submitted to him in writing by appellant, he did make the following written finding: "The court having heard the evidence and the argument of counsel, and being well advised in the premises, finds the facts and the law in favor of the appellees."

This was a sufficient compliance with the statute. *State ex rel. Attorney General* v. *Knights of Pythias,* 157 Ark. 266, 247 S. W. 1068.

Appellant also contends for a reversal of the judgment on the ground that the probate court was without jurisdiction to appoint a guardian for the person and estate of Mrs. Sager, or to appoint Elmer Johnson guardian in succession of her estate, assigning as reasons that she was not in court and examined as to her mental condition when the original appointment was made or approved; that the guardian's bond was executed by nonresidents of the State, and that, as the original appointment was void, the appointment of Elmer Johnson in succession was also void.

The record reflects that the jurisdiction of the probate court was invoked by appellant, and that she signed the guardian's bond; also that, when she became dissatisfied with the actions of her sister as guardian, she sought by petition to have her removed, but, before the hearing on the petition, one of her attorneys agreed in open court to the appointment of Elmer Johnson as guardian in succession. These acts on her part clearly estopped her from questioning the jurisdiction of the probate court to make the appointments. 28 C. J., p. 1296.

No error appearing, the judgment is affirmed.