## REDDITT et al. v. HALE et al.

### REDDITT et al. v. FOGLEMAN et al.

### Nos. 14559, 14560.

United States Court of Appeals
Eighth Circuit.

Oct. 29, 1952.

See also 8 Cir., 188 F.2d 832.

Thomas F. Turley, Jr., Memphis, Tenn. (Hal B. Mixon, Marianna, Ark., on the brief), for appellants.

G. D. Walker, Jonesboro, Ark. (Barrett, Wheatley, Smith & Deacon and Frierson, Walker & Snellgrove, Jonesboro, Ark., on the brief), for appellees.

Before SANBORN, RIDDICK, and COLLET, Circuit Judges.

RIDDICK, Circuit Judge.

This action was brought in the United States District Court for the Eastern District of Arkansas on behalf of Aquilla, James, and Mildred Redditt, by Bennett H. Hurt, as their domiciliary guardian, and as domiciliary administrator of the estate of Ernest Redditt, deceased, to surcharge the accounts of curators of the Arkansas estate of the Redditts, for an accounting of the Arkansas curatorship, and for possession of the Arkansas estate of the plaintiffs. These appeals are from summary judgments dismissing the complaint.

The facts are not in dispute. In 1924 Aquilla, Ernest, James, and Mildred Redditt, residents of Tennessee, were adjudged insane by a Tennessee court and a domiciliary guardian was appointed for them. In the same year they became the owners by inheritance from their mother of farming lands in Crittenden County, Arkansas. At that time title to the Arkansas lands was vested in one Williford, an uncle of the incompetents, as trustee, to hold and

manage the property for their use and benefit until the youngest of them should become 21 years of age. After the expiration of the trust Williford became the tenant of the Tennessee incompetents for the years 1930 and 1931 by agreement with their domiciliary guardian.

In 1933, an action in a Tennessee court against the guardian, its surety, and Williford for an accounting of the rents and profits of the Arkansas lands resulted in judgment for the incompetents, the resignation of the domiciliary guardian, and the appointment of one Bicknell as guardian in succession. Four days before the filing of this action in the Tennessee court, Howard Curlin filed a petition in the Probate Court of Crittenden County, Arkansas, for the appointment of himself as curator of the Arkansas estate of the Tennessee incompetents, alleging that their insanity had been determined in proceedings in the Tennessee court and that the lands were not being managed or operated for their benefit. The petition was granted on January 9, 1933, and Curlin qualified as curator by giving bond in the sum of $10,000 with the Fidelity and Casualty Company of New York as surety.

Curlin, as curator, continued to manage the Arkansas estate of the Tennessee incompetents until his death in 1941, when James C. Hale was appointed curator in succession with the National Surety Corporation of New York as surety on his bond. The administratrix of the estate of Howard Curlin, deceased, filed a final settlement of Curlin as curator in the Arkansas Probate Court, which by order of that court on October 19, 1942, was approved and confirmed. Funds in Curlin's hands at the time of his death were paid over to his successor, Hale, and his estate and surety were discharged. Since his appointment as curator in succession to Curlin, Hale has managed the Arkansas estate of the Tennessee incompetents under supervision of the Arkansas Probate Court and is still in possession and acting as curator.

Bicknell served as domiciliary guardian of the Tennessee incompetents until his death on April 27, 1947. On June 17, 1947, Bennett H. Hurt was appointed successor domiciliary guardian by the Tennessee court having jurisdiction of the guardianship. One of the Tennessee incompetents, Ernest Redditt, died in 1949, and Hurt is now domiciliary guardian of the three living Redditts and the administrator of the estate of Ernest Redditt, deceased.

Throughout the administrations of Bicknell and Hurt, as domiciliary guardians of the Tennessee incompetents, they have participated in the curatorship proceeding in the Arkansas Probate Court which has been in progress for more than 17 years and is still pending in that court. The reports of Bicknell to the Tennessee court, during his administration as domiciliary guardian, support the inference that the proceeding in the Arkansas Probate Court which resulted in the appointment of an Arkansas curator was procured by Bicknell on the advice of counsel as necessary for the best interests of the wards and so reported to the Tennessee court.

Bicknell from his appointment until his death appeared each year in the Arkansas Probate Court on the settlement of the Arkansas curator's current accounts, applying to the Arkansas court for the transfer to Bicknell of funds in the hands of the curator, accepting without appeal the judgments of the Arkansas court for the transfer of funds, giving the bond required by the Arkansas court on the transfer, and accounting to the Tennessee court for the funds so received. The present domiciliary guardian of the Tennessee incompetents, Hurt, pursued the same course during his administration until November 2, 1949.

Reporting to the Tennessee court on the 29th day of February, 1949, Hurt advised the court that he and his counsel had made a thorough investigation of the proceedings in the Arkansas Probate Court, found them regular on the face of the record, and that the annual settlements of the Arkansas curators had been approved and confirmed by the Arkansas Probate Court. This report contained a request to the Tennessee court for directions to the domiciliary guardian as to what steps, if any, should be taken in connection with "past years' rentals of his wards' lands in Arkansas." What directions the Tennessee court

gave in response to this request the record does not show, but on November 2, 1949, Hurt, as domiciliary guardian of the surviving Redditts and as executor of the estate of Ernest Redditt, deceased, filed a petition in the Arkansas Probate Court asking that curator Hale be required to account for his management of the Arkansas land; that on accounting the court order all funds in the curator's possession turned over to petitioner, and that petitioner, as domiciliary guardian, be authorized to take control of the lands of the Tennessee incompetents then in the possession of the Arkansas court and thereafter to manage and control the same under the direction of the Tennessee court.

While the action just described was pending in the Arkansas Probate Court, Hurt, acting in the same capacity as in the Arkansas court, brought this action in the District Court for the Eastern District of Arkansas against Hale, individually, and as curator of the Arkansas estate of the Tennessee incompetents; John Fogleman, his attorney; Kathleen Williford, individually, and as executrix of the estate of James Williford, deceased, both Willifords having during the Arkansas curatorship leased the Arkansas lands under orders of the Arkansas Probate Court; the Fidelity and Casualty Company of New York, surety on the bond of Curlin; and the National Surety Corporation, surety on the bond of Hale.

The complaint charged that all the proceedings in the Arkansas Probate Court were void under Arkansas law because of want of jurisdiction of either the subject matter of the litigation or of the necessary parties; and, on information and belief, that the reasonable rental value of the Arkansas lands was in excess of the rents collected and accounted for by the Arkansas curators during their administrations. The prayer of the complaint was that all defendants be permanently enjoined from dealing with the Arkansas lands, from taking any further steps in the proceedings pending in the Arkansas Probate Court; that the District Court appoint a receiver to take possession of the Arkansas lands, thus removing them from the possession of the Arkansas Probate Court; and that up-

on hearing plaintiffs have judgment against the sureties on the bonds of the Arkansas curators in the amount of the penalty of their bonds, and against the individual defendants and each of them in the amount of the fair and reasonable rental of the Arkansas land for the period of the Arkansas curatorship, which it was charged amounted to over $140,000 in excess of the amount accounted for by the Arkansas curators in their settlements in the Arkansas Probate Court, accepted by the domiciliary guardians of the Tennessee incompetents under orders of the Arkansas Probate Court, and by them accounted for in their reports to the Tennessee court.

On the first appearance of this case in the District Court defendants moved to dismiss on the ground that the claims stated were exclusively within the jurisdiction of the Arkansas Probate Court, and that another action involving the same parties and the same claims was pending in that court. Defendants were successful in the District Court, but on appeal we reversed the judgment dismissing the action, holding that instead of dismissing the whole action the District Court should have held the action against Hale and his surety, pending the termination of the action in the Arkansas Probate Court; but that as between the plaintiffs and the other defendants, not parties in the Arkansas Probate Court proceeding, the action could proceed to trial. Redditt v. Hale, 8 Cir., 184 F.2d 443.

What was decided on this appeal was that the plaintiffs, while invoking the jurisdiction of the Arkansas Probate Court for an order turning over to the domiciliary guardian the Arkansas estate of the Tennessee incompetents and for an accounting from the Arkansas curator, could not at the same time attack the jurisdiction of the Arkansas Probate Court in a proceeding in the District Court seeking the same relief. What we did was to give the plaintiffs an opportunity to have this question of probate jurisdiction in Arkansas decided by the Arkansas Supreme Court, the only court competent to finally determine it. This the plaintiffs could have done with speed and at nominal expense. From a

judgment of the Arkansas Probate Court plaintiffs under Arkansas practice are given as of right a direct appeal to the Arkansas Supreme Court whose judgment would have been conclusive upon the question which it is now sought to present to this court for the second time. But plaintiffs have declined to pursue the simple course readily available. Instead, they have prosecuted two wholly frivolous actions in the District Court with appeals to this court from judgments against them in neither of which anything material to their right of action in the District Court was presented or decided, and which resulted only in expense and delay to all parties concerned in the litigation. Redditt v. Trimble, 8 Cir., 186 F.2d 716; Redditt v. Hale, 8 Cir., 188 F.2d 832.

On the trial in the District Court from which these appeals come, plaintiffs demanded trial on all claims against all defendants on the contention that the action brought against Hale and his surety in the Arkansas Probate Court had been terminated by dismissal without prejudice. They attached as part of their pleading the judgment entered in the action in the Arkansas Probate Court on December 15, 1950, on which they rely as a dismissal without prejudice. Defendant Hale and his surety, the National Surety Corporation, moved to dismiss the action as to them, alleging that the judgment of the Probate Court of December 15, 1950, showed on its face that it was a final judgment of the Arkansas court on the merits, dismissing with prejudice plaintiffs' action against Hale and his surety in that court, and that the judgment, not appealed and final, was res adjudicata of all claims against them asserted in the proceeding in the District Court. The motion was granted and plaintiffs appealed.

After the entry of judgments dismissing the action as to the defendants, Hale and his surety, the other defendants, Fogleman, Kathleen Williford, individually, and as executrix of the estate of Williford, deceased, and Fidelity and Casualty Company of New York, surety on the bond of curator Curlin, moved the District Court for a summary judgment on the ground that the

judgment of the Arkansas Probate Court of August 19, 1942, approving the final settlement of Curlin as curator and discharging his estate and his surety, the judgment of the District Court dismissing the action as to defendant Hale and his surety, and the judgment of the Arkansas Probate Court of December 15, 1950, in plaintiffs' action for an accounting against Hale and his surety, had finally determined all issues in the action against them. The District Court dismissed the action against Fogleman, attorney for Hale, on the ground that no claim was stated against him on which relief could be granted, and awarded a summary judgment in favor of the other defendants. Plaintiffs have appealed from this judgment.

The judgment of the Probate Court approving the final accounting of Curlin and discharging Curlin's estate and his surety and the judgment of the Probate Court on December 15, 1950, in the action by plaintiffs against Hale and his surety are in the record. They are in form and substance final judgments of the Arkansas Probate Court on every issue on which the plaintiffs seek the judgment of the District Court in this action. If these judgments were rendered in proceedings of which the court had jurisdiction of the subject matter and of the parties, the questions finally determined in them are no longer open to litigation in this court or in any other court.

The jurisdiction of the District Court in this action is based on the diversity of citizenship of the parties and the amount in controversy. The alleged want of jurisdiction of the Arkansas Probate Court is raised as a question of State law. No Federal question is presented. If we adopt the reasonable assumption, that the Arkansas Probate Court in appointing the curator of the Arkansas lands of the Tennessee incompetents and in conducting the curatorship for more than 17 years considered and decided in its favor the question of its jurisdiction under Arkansas law, the District Court was bound by that decision until reversed on appeal. Moreover, the District Court, presided over by an experienced Arkansas judge, has sustained the jurisdiction of the Probate Court under Ar-

kansas law, and, as this court has frequently said, it will not in such a case substitute its judgment on a doubtful question of State law for that of the District Court unless convinced of error. Cohn v. Little, 8 Cir., 199 F.2d 28, and cases cited.

█ However, on consideration of the Arkansas statutes and decisions, we reach the conclusion that the Crittenden County Probate Court acted within its jurisdiction in appointing the Arkansas curator for the estate of the nonresident incompetents and in the subsequent proceedings before it. Plaintiffs' action in the Arkansas Probate Court against Hale and his surety for an accounting and for the recovery of possession of plaintiffs' Arkansas estate was brought, as plaintiffs state in their brief, under Act No. 140 of the Acts of 1949 of the Arkansas Legislature, Title 57, Sec. 647, Arkansas Statutes 1947, which clearly confers jurisdiction of the particular action upon the probate court and, inferentially at least, recognizes the jurisdiction of that court to appoint a curator of the Arkansas estate of nonresident incompetents, the Act providing that in such an action by a domiciliary guardian of nonresident incompetents against a local curator the Arkansas court may grant or deny the petitions as the facts warrant. The opinions of the Supreme Court of Arkansas in Sewell v. Benson, 198 Ark. 339, 345, 128 S.W. 2d 683, 685, and in Texas Company v. Sewell, 202 Ark. 34,. 45, 149 S.W.2d 925, 930, clearly indicate, if they do not expressly hold, that under Arkansas law the appointment of a curator for the Arkansas estate of nonresident incompetents is within the jurisdiction of the State Probate Court, although at the time of the appointment the nonresident. incompetents have a duly appointed and acting guardian in the State of their residence. The cases cited are also authority for the proposition that under Arkansas law a State chancery court has power to correct and surcharge the accounts of a curator upon allegation and proof of fraud in his administration, although his accounts have been approved by the probate court of his appointment. But a State chancery court has no such jurisdiction in an action in which the complaint charges no fraud in the curator's administration in the probate court, but alleges only, as does the complaint in this case, that the sums accounted for by the curator and approved by the probate court are less than could or should have been realized. The judgment of a probate court confirming the settlement of the curator of the estate of an incompetent is a final judgment of the court on a matter exclusively within its jurisdiction which, if erroneous, may be corrected on appeal, but which can not be collaterally attacked in another State court on the charge that the guardian through negligence or bad judgment failed to collect as much rent from his wards' lands as he might have collected. Nelson v. Cowling, 77 Ark. 351, 354, 91 S.W. 773, 774. In this diversity case the jurisdiction of the Federal District Court was no broader than that of a State court of equal dignity.

██ It has long been settled by the decisions of the Arkansas Supreme Court that the State probate courts under the Constitution and laws of the State are superior courts within the limits of the jurisdiction assigned to them, and that their judgments rendered in the exercise of such jurisdiction can not be called in question collaterally; that by Article 7, Section 34, of the Arkansas Constitution of 1874, now in effect, the State courts of probate have exclusive jurisdiction in all matters relative to the probate of wills, the estates of deceased persons, executors, administrators, guardians, and persons of unsound minds and their estates.[1] Hare v. Shaw, 84 Ark. 32, 35, 104 S.W. 931, 932. The judgments of the State probate courts within the limits of the jurisdiction conferred upon them by the Constitution and statutes of the State import absolute verity and are subject to question only on direct appeal. Where the judgment of a probate court is called into question collaterally and the record is silent with respect to any fact necessary to give the court jurisdiction, it will be conclusively presumed that the court acted within its

1. See also Sec. 4, Act No. 140 of the Acts of 1949, Sec.. 62–2004, 5 Ark. Statutes 1947.

jurisdiction. Graham v. Graham, 175 Ark. 530, 536, 1 S.W.2d 16, 18; Oliver v. Routh, 123 Ark. 189, 195, 184 S.W. 843, 845. The validity of the appointment of a guardian or curator may not be collaterally attacked. Swindle v. Rogers, 188 Ark. 503, 508, 66 S.W.2d 630, 632; Day v. Johnston, 158 Ark. 478, 483, 250 S.W. 532, 533; Sewell v. Reed, 189 Ark. 50, 71 S.W.2d 191. In Day v. Johnston a probate court appointed non-residents as guardian and administrator of an Arkansas estate in direct contravention of the Arkansas statutes then in effect. On collateral attack on the judgment, the Supreme Court of Arkansas said that the probate court approved each appointment, that the order approving the appointments imported a finding that the appointees were then qualified, and that the order was conclusive on the question. In Sewell v. Reed the records in the probate court were silent upon the question of notice, as well as upon other questions necessary to the jurisdiction of the probate court. It was held, that since the probate court had exclusive jurisdiction of the matter before it, the silence of the record on jurisdictional matters afforded no ground for overturning the judgment when brought in question collaterally. In Hare v. Shaw the judgment of the court appointing a guardian for an insane person was attacked on the ground that the record did not show notice to the person alleged to be of unsound mind or her appearance before the court prior to the entry of the judgment. It was held that the record being silent the conclusive presumption was that the probate court "took all necessary steps to acquire jurisdiction of the person of the imbecile." [84 Ark. 32, 104 S.W. 932]

 If it is true, as plaintiffs contend, that the records of the Arkansas Probate Court are silent upon the question of notice to the Tennessee incompetents, as well as upon the question of their presence before the Court at the time the curator was appointed, these omissions are of no consequence in this proceeding. But, aside from this, the record affirmatively shows, as indeed the complaint alleges, that the duly appointed domiciliary guardians of the Tennessee incompetents, acting with the knowledge of the court of their appointment and, as we must presume, with the approval of that court, appeared in the Arkansas Probate Court on behalf of their wards and participated in its proceedings. It is elementary law that the lack of jurisdiction of the person can be waived and can not be raised for the first time on appeal, much less relied upon in a collateral proceeding. Strahan v. Atlanta National Bank of Atlanta, Texas, 206 Ark. 522, 527–528, 176 S.W.2d 236, 239; Rader v. Payne, 188 Ark. 899, 902, 68 S.W.2d 457, 458–459; Federal Land Bank of St. Louis v. Gladish, 176 Ark. 267, 2 S.W.2d 696; Purnell v. Nichol, 173 Ark. 496, 503, 504, 292 S.W. 686, 688–689.

The judgment of the Arkansas Probate Court discharging Curlin's estate and his surety on final settlement of his accounts as curator is conclusive and binding upon the plaintiffs in the action against Curlin's counsel, his surety, and the Williford estate. The final judgment of the Probate Court dismissing the plaintiffs' action against Hale, his counsel, and surety, is conclusive upon the plaintiffs' right of action against them and Kathleen Williford in the District Court. Although the judgment of the Probate Court in the last action was final upon the present right of plaintiffs to possession of their Arkansas estate, it did not end the probate proceedings. The Arkansas estate of the incompetents is still in the possession of the Arkansas Probate Court, and that possession once rightfully acquired may not be disturbed by another court, State or Federal. Byers v. McAuley, 149 U.S. 608, 615, 13 S.Ct. 906, 37 L.Ed. 867; Kline v. Burke Construction Company, 260 U.S. 226, 231, 43 S.Ct. 79, 67 L.Ed. 226; Princess Lida v. Thompson, 305 U.S: 456, 466–467, 59 S.Ct. 275, 83 L.Ed. 285; United States v. Bank of New York & Trust Company, 296 U.S. 463, 477–479, 56 S.Ct. 343, 80 L.Ed. 331; Markham v. Allen, 326 U.S. 490, 494, 66 S.Ct. 296, 90 L.Ed. 256; Redditt v. Hale, 8 Cir., 184 F.2d 443.

The judgments appealed from are affirmed.