## Frank HINGLE *v.* Mazie HINGLE

78-93                                   572 S.W. 2d 395

Opinion delivered October 23, 1978
(In Banc)
[Rehearing denied November 20, 1978.]

*Stephen M. Sharum,* for appellant.

*Sam Hugh Park,* for appellee.

GEORGE HOWARD, JR., Justice. This is an appeal from a decision in the Chancery Court of Crawford County awarding a divorce decree to appellee, and, among other things, approving a property settlement agreement executed between the parties, providing for the support and maintenance of the parties' minor children and alimony for the appellee.

For reversal, appellant has asserted six points which he contends require a reversal of the trial court's decree.

We are persuaded that appellant's first point for reversal, namely:

"The trial court lacked jurisdiction to enter the decree of October 18, 1977, since the appellee failed to comply with Arkansas Statutes Annotated Section 34-1207.1 and 34-1208 requiring proof of residency and corroboration of residency."

has merit, and we, therefore, reverse and remand this case to the trial court.

Ark. Stat. Ann. § 34-1207.1 (Repl. 1962) provides, in material part, as follows:

"Hereafter, in uncontested divorce suits . . . [corroboration] of plaintiff's ground or grounds for divorce shall not be necessary nor required.

"*This does not apply to proof as to residence which must be corroborated, as heretofore, . . .* " (Emphasis supplied)

In reviewing the record before us, it is plain that appellee-plaintiff was the only witness that testified in her uncontested divorce action. There was no testimony to corroborate her testimony that she lived in Crawford County, Arkansas, for the statutory period required. We are not unmindful that we have emphasized that corroboration in an uncontested divorce case may be comparatively slight when it is clear that there is no collusion between the parties. But the problem that confronts us here is the fact that there is no testimony whatsoever to corroborate the appellee's testimony relative to residency.

Of course, this record reflects that the appellee has filed two previous actions for divorce in the Crawford County Chancery Court, both of which were subsequently dismissed; and it is clear from the record that the parties purchased approximately 240 acres of real estate in Crawford County and constructed a dwelling house on this property; and that the appellant executed an entry of appearance and did not contest the divorce. However, we hold that this is not sufficient to comport with the statutory requirement inasmuch as an issue of residence deals directly with the authority, power and right of the trial court to act. Thus, the corroborating evidence,

although relatively slight, should not be speculative and vague in scope. The question of residency is jurisdictional and may be raised at any stage of the divorce proceeding.

Reversed and remanded.

BYRD, J., dissents.