Claudia ARANEDA *v.* Erick ARANEDA

CA 94-68                                               894 S.W.2d 146

Court of Appeals of Arkansas
En Banc
Opinion delivered March 8, 1995

*Price Law Firm*, by: *Robert J. Price*, for appellant.

*Mitchell, Blackstock & Barnes*, by: *Jack Wagoner, III*, for appellee.

JAMES R. COOPER, Judge. The appellant in this chancery

case, a resident of Guatemala, filed a divorce action against the appellee, who was at that time living in Little Rock, Arkansas. The appellee filed a counterclaim for divorce. After a hearing, the chancellor entered a decree of divorce in favor of the appellant, but denied her request for alimony. From that decision, comes this appeal.

For reversal, the appellant contends that the chancery court lacked jurisdiction to grant a divorce; that the chancellor erred in finding there were no marital assets; and that the chancellor erred in refusing to award her alimony. We find the appellant's first point to be dispositive, and we reverse and remand.

The record shows that the appellee was living in Little Rock on November 20, 1992, when the appellant's divorce action was filed. However, the only evidence adduced at trial regarding the appellee's residence was that he had been a resident of Little Rock "for at least sixty days prior to *December* of 1992." (Emphasis supplied). Although it was perhaps merely the result of an inadvertent error in framing the question, the effect of stating that the appellee had been a resident for sixty days prior to *December* (as opposed to November 20, which was the actual date on which the action was commenced) was that only 49 days of residence prior to the commencement of the action was established.

■■ Arkansas Code Annotated § 9-12-307 (Repl. 1993) provides that residence in the state by either the plaintiff or defendant for 60 days before the commencement of the action must be proved in order to obtain a divorce. Furthermore, proof of residence must be corroborated and the corroboration of residence may not be waived by the parties. Ark. Code Ann. § 9-12-306 (Repl. 1993); *Hodges* v. *Hodges*, 27 Ark. App. 250, 770 S.W.2d 164 (1989). Residence for the required period in this state is jurisdictional and, dealing as it does with the power and right of the trial court to act, evidence corroborating residence should not be speculative and vague in scope. *Hingle* v. *Hingle*, 264 Ark. 442, 572 S.W.2d 395 (1978). The question of residence, being jurisdictional, may be raised at any stage of the proceeding. *Id.*

■ In the case at bar, there was no evidence corroborating the appellee's residence in the state for the statutory period. Although it is true that the corroborating evidence may be rela-

tively slight, there is no evidence in the case at bar to corroborate residence in the state for 60 days prior to commencement of the action.

■ We recognize that a party who has benefited from a transaction may be estopped from questioning the transaction's validity. *Crain* v. *Foster*, 230 Ark. 190, 322 S.W.2d 443 (1959). However, the doctrine of estoppel is ultimately founded upon a party's own act or acceptance,[1] and for this reason the application of the doctrine is inappropriate in the case at bar. Proof of residency in a divorce action is to be distinguished from other elements of proof in that the legislature has expressly provided that it may neither be waived nor established by agreement of the parties. Ark. Code Ann. § 9-12-306 (1987). Given that this element may not be dispensed with or supplied by the express and direct action of the parties, it follows that it may not be supplied by their indirect actions through application of the doctrine of estoppel. Consequently, we are constrained to reverse and remand for further proceedings consistent with this opinion. *See Hingle* v. *Hingle*[2], *supra*.

Reversed and remanded.

JENNINGS, C.J., and MAYFIELD, J., dissent.

John E. Jennings, Chief Judge, dissenting. On November 20, 1992, the appellant, Claudia Araneda, filed an action for divorce in Pulaski County Chancery Court alleging that her husband, Erick Araneda, had been a resident of Pulaski County for more than sixty days prior to the filing of the action. In addition to a divorce, Mrs. Araneda sought an equitable property division, alimony, and child support. On December 7, 1992, Mr. Araneda filed an answer and counterclaim admitting the allegation as to residence.

At the hearing the attorneys advised the judge that the divorce would not be contested. The court was advised that the issues to

---

[1] In the words of Lord Coke, the doctrine "is called an estoppel or conclusion, because a man's owne act or acceptance stoppeth or closeth up his mouth to alleage or plead the truth." 2 Coke, Littleton 352a.

[2] We note that the remand in *Hingle, supra*, was broad enough to allow proof of residency as well as corroboration.

be decided were the division of the parties' property, alimony, and child support. After taking extensive testimony on these issues, the chancellor awarded a divorce to the appellant, Mrs. Araneda. The chancellor also awarded her custody of the parties' two children and directed Mr. Araneda to pay $485.00 per month as child support.

Mrs. Araneda now appeals arguing that the trial court erred in not awarding her alimony, and in finding that there were no significant marital assets. She also contends that the trial court "lacked jurisdiction" to grant her a divorce.

The majority agrees with the argument that the trial court lacked jurisdiction and remands the case for further proceedings. I would hold that appellant is estopped to raise this issue and would reach the merits of her other contentions.

I cannot deny that the majority opinion comports with a literal reading of the supreme court's decision in *Hingle* v. *Hingle*, 264 Ark. 442, 572 S.W.2d 395 (1978). The court in *Hingle* said, "The question of residency is jurisdictional and may be raised at any stage of the divorce proceeding." The primary distinction between *Hingle* and the case at bar is that here appellant attacks the validity of the decree of divorce that she herself obtained.

It may be helpful to determine what kind of jurisdiction it is we are talking about. It is not subject matter jurisdiction — chancery courts generally have jurisdiction to decide divorce cases. *See generally Banning* v. *State*, 22 Ark. App. 144, 737 S.W.2d 167 (1987). An action for divorce is in the nature of a proceeding in rem or, more accurately, a proceeding quasi in rem. 24 Am. Jur. 2d *Divorce and Separation* § 7 (1983). The res — or thing — on which the judgment operates is the marital status of the parties. *Id.* The satisfaction of statutory residence requirement is essential to the court's jurisdiction over the marital status of the parties. *See generally* 24 Am. Jur. 2d *Divorce and Separation* § 238 (1983). By statute, corroboration of proof of residence may not be waived. Ark. Code Ann. § 9-12-306 (Repl. 1993).

The question, however, is not one of waiver but rather estoppel. In the case at bar Mrs. Araneda brought this action, put on the proof that she now claims was defective, obtained the decree

of divorce, and has subsequently accepted its benefits. She is in no position to attack its validity now. In *Crain* v. *Foster*, 230 Ark. 190, 322 S.W.2d 443 (1959), the supreme court said that one who accepts the benefit of a decree is estopped to deny its validity. *See also Anderson* v. *Anderson*, 223 Ark. 571, 267 S.W.2d 316 (1954); *Smith* v. *Smith*, 272 Ark. 199, 612 S.W.2d 736 (1981); *Tennessee* v. *Barton*, 210 Ark. 816, 198 S.W.2d 512 (1946). One who shares in the fruits or benefits of a judgment or decree is estopped to challenge its validity, even where there is a want of jurisdiction of the subject matter. *Mason* v. *Urban Renewal*, 245 Ark. 837, 434 S.W.2d 614 (1968). *See also Rader* v. *Payne*, 188 Ark. 899, 68 S.W.2d 457 (1934). The fact that some of these cases involve collateral attacks rather than direct appeals should not be determinative. *Anderson, supra*, was a collateral attack but the court said, in dicta, that the principle would apply in a direct appeal from the judgment.

In the case at bar the decree rendered by the chancellor may well be "void" under traditional doctrine, but Mrs. Araneda is estopped, by her own actions and her acceptance of the benefits of the decree, from making the argument.

I respectfully dissent.

MAYFIELD, J., joins.