2009 Ark. 567

**Christopher Wayne ROBERTS,
Appellant,**

v.

**Robin Yanyan ROBERTS, Appellee.**

No. 08–740.

Supreme Court of Arkansas.

Nov. 12, 2009.

PAUL E. DANIELSON, Justice.

Appellant Christopher Wayne Roberts appeals from the divorce decree entered divorcing him from appellee Robin Yanyan Roberts. Roberts initially appealed the decree to the court of appeals, which affirmed, *see Roberts v. Yang,* 102 Ark.App. 384, 285 S.W.3d 689 (2008), and this court granted his petition for review. When we grant a petition for review, we consider the appeal as though it had originally been filed in this court. *See Duke v. Shinpaugh,* 375 Ark. 358, 290 S.W.3d 591 (2009). Here, Roberts asserts two points for reversal: (1) that the circuit court lacked jurisdiction to enter the divorce decree where Robin did not reside in Arkansas for three full months immediately preceding entry of the divorce decree; and (2) that the circuit court erred in ordering the marital home sold by a realtor, rather than at a public sale. We affirm the divorce decree.

The relevant facts are these. On November 16, 2005, Robin filed a complaint for divorce. In it, she asserted that she was a resident of the State of Arkansas, "wherein she has resided for more than sixty days prior to the filing of this Complaint." She further contended that the parties were married on or about August 23, 1997, and that they separated on or about November 15, 2005. Roberts responded on January 3, 2006, admitting Robin's statements regarding residency and the date of their marriage, but disputing the date of separation and asserting it to be December 2, 2005.

Following several amendments to the divorce complaint and answers thereto, a hearing was held on Robin's complaint on June 4, 2007. At the hearing, Kaye Lundgren testified that she had known Robin

---

Tripcony Law Firm, by: James L. Tripcony, Little Rock, for appellant.

No response.

since 1999 and that Robin had continuously resided in Pulaski County, Arkansas, since 1999 until Robin's move to New York in November 2006. In addition, Robin testified that she moved to Arkansas in July 1995, had lived in Little Rock since January 1, 1998, moved out of the marital home in December 2005, and remained in Little Rock until she moved to New York in November 2006.

At the conclusion of the hearing, the circuit court ruled orally:

All right. I have reviewed the testimony and the exhibits that have been introduced in the matter, and I find that [Robin] has established that she is entitled to an absolute divorce from [Roberts] on the grounds of 18 months separation without cohabitation. Her residency was corroborated by Ms. Kaye Lundgren.

. . . . .

The home on 14800 Ridgewood Drive is marital property owned as a tenancy by the entirety. The Court will order that property listed for sale with a realtor of the—agreeable between the parties. And then that property will be sold based upon that realtor's recommendation as to a fair market selling price or a good selling price in today's market. And the property will be kept and maintained in a showable, sellable condition by [Roberts] who will continue to reside there in the residence.

. . . . .

And if I didn't say it, when the house sells, net proceeds—costs of sale deducted and the net proceeds divided equally between the parties.

On July 2, 2007, the divorce decree was filed. In it, the circuit court made the following pertinent findings:

2. The matters stated in the plaintiff's Second Amended Complaint have been established by her testimony, and she is hereby granted an absolute divorce from the defendant on grounds of eighteen months continued separation without cohabitation. The parties were married on August 23, 1997 and they have been separated since on or before December 2, 2005. The plaintiff's witness, Kaye Lundgren, verified the plaintiff's residence in this county and state for the requisite periods of time, and her separation from the defendant for more than eighteen months.

. . . . .

7. The parties' jointly owned real property including their marital residence located at 14800 Ridgewood Drive, Little Rock, Arkansas shall be listed for sale forthwith by a realtor chosen by mutual agreement of the parties. The parties shall follow the realtor's recommendations regarding the listing price and the terms of the sale. The net proceeds of the sale, after payment of realtor's fees and closing costs, shall be divided equally between the parties. Each party shall pay one-half of the costs of any repairs which are necessary to market the property.

Roberts now appeals.

## I. *Jurisdiction*

Roberts first argues that the circuit court lacked jurisdiction to enter the divorce decree. He claims that Robin failed to prove, in accord with Arkansas Code Annotated § 9–12–307(a)(1)(A) (Repl. 2008), that she resided in Arkansas for "three (3) full months before the final judgment granting the decree of divorce." Roberts urges that the statute requires

that one must prove residence in Arkansas for three full months immediately preceding the entry of a divorce decree. Robin does not reply via a responsive brief, but, instead, while the matter was before the court of appeals, filed a letter with the clerk, stating that she "does not contest either of the appellant's two points on appeal" and that she anticipates a reversal and remand of the case.

As an initial matter, we must consider whether the instant argument was preserved for our review. Our review of the record reveals no objection, at any point during the divorce proceedings before the circuit court, by Roberts regarding the residency requirements. Despite failing to file any challenge before the circuit court either before or after entry of the divorce decree, Roberts now argues that Robin did not meet the residency requirements. Nonetheless, in *Hingle v. Hingle*, 264 Ark. 442, 572 S.W.2d 395 (1978), this court held that the question of residency in a divorce was "jurisdictional and may be raised at any stage of the divorce proceeding." 264 Ark. at 444, 572 S.W.2d at 397. Accordingly, the issue is properly before this court. We turn then to the merits of Roberts's claims.

▮▮▮▮ In the instant case, this court is called upon to interpret Ark.Code Ann. § 9–12–307(a)(1)(A).[1] The basic rule of statutory construction is to give effect to the intent of the legislature. *See Ward v.*

*Doss*, 361 Ark. 153, 205 S.W.3d 767 (2005). Where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. *See id.* In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *See id.* We construe the statute so that no word is left void, superfluous or insignificant. *See id.* Meaning and effect are given to every word in the statute if possible. *See id.* When a statute is ambiguous, we must interpret it according to the legislative intent. *See id.*

▮▮▮▮ The issue of residency, in a suit for divorce, deals directly with the authority, power, and right of the circuit court to act. *See Hingle, supra.* Section 9–12–307(a)(1)(A) provides that, in order to obtain a divorce,

the plaintiff must prove, but need not allege, in addition to a legal cause of divorce:

(1)(A) A residence in the state by either the plaintiff or defendant for sixty (60) days next before the commencement of the action and a residence in the state for three (3) full months before the final judgment granting the decree of divorce.

Ark.Code Ann. § 9–12–307(a)(1)(A) (Repl. 2008).[2] In addition, such proof must be corroborated. *See* Ark.Code Ann. § 9–12–

---

1. While Robin has stated that she anticipates a reversal in the case, we are not bound by her lack of contest to Roberts's claims, as "[p]arties to an action may not stipulate to legal conclusions to be reached by the court." 73 Am.Jur.2d *Stipulations* § 4 (2009).

2. We have previously observed that section 9–12–307(a)'s predecessor, Ark. Stat. Ann. § 34–1208 (Repl.1962 & Supp.1981), was the "ju-

risdictional residency statute" and described the same language now before us as requiring "a waiting period by one party or the other for sixty days before the commencement of the action and three full months before the granting of the decree." *Bachman v. Bachman*, 274 Ark. 23, 25, 621 S.W.2d 701, 702 (1981).

306(c)(1) (Repl.2008). Because the question of residency is jurisdictional, it may be raised at any stage of the divorce proceeding. *See Hingle, supra.* Here, Roberts argues, in essence, that the circuit court lacked jurisdiction to enter the divorce decree because Robin had not resided in Arkansas for the three months immediately preceding the date the decree of divorce was entered. His argument is without merit.

It is clear from the plain language of section 9–12–307(a)(1)(A) that a plaintiff seeking divorce must prove two residency requirements: (1) residence in the state by the plaintiff or defendant for sixty days "next before" the filing of the complaint for divorce; and (2) residence in the state for three full months "before" the entry of the divorce decree.[3] Most evident in examining the statute, however, is the General Assembly's distinction in the two requirements in that the former designates the sixty-days requirement to be "next before," while the latter three-full-months requirement is simply "before."[4]

"Before" is defined as "preceding"; while "next" is defined as "adjoining in a series: immediately preceding or following in order." *Webster's Third New Int'l Dictionary* 197, 1524 (2002). With these definitions in mind and applying them to the instant legislation, it is clear that the General Assembly intended that a divorce plaintiff must prove "residence in the state by either the plaintiff or defendant" for sixty days *immediately preceding,* or next before, the filing of a complaint for divorce and, in addition, "residence in the state" for three full months *preceding,* or before, the entry of the divorce decree. Here, the General Assembly clearly sought to distinguish the two requirements, and the plain language of the statute evidences that intent.

In this case, Robin testified that she had lived in Little Rock since 1998, she filed her complaint for divorce on November 16, 2005, and she testified that she continued to live in Arkansas until November 2006, almost one year after she filed her complaint for divorce. Kaye Lundgren corroborated this testimony when she testified that Robin had resided in Arkansas from 1999 until November 2006.[5] Because Robin clearly met and proved the residen-

---

**3.** "Residence," as used in subsection (a) of section 9–12–307, "is defined to mean actual presence, and upon proof of that the party alleging and offering the proof shall be considered domiciled in the state, and this is declared to be the legislative intent and public policy of the State of Arkansas." Ark.Code Ann. § 9–12–307(b).

**4.** This distinction is further evidenced by a review of the statute's amendments. Act 71 of 1931 amended "Section 3505 of Crawford and Moses' Digest of the Statutes of the State of Arkansas" to provide, in pertinent part:

"The plaintiff, to obtain a divorce, must prove, but need not allege, in addition to a legal cause of divorce:

"*First.* A residence in the State for three months *next before* the final judgment granting a divorce in the action and a residence for two months *next before* the commencement of the action."
(Emphasis added.)

Then, Act 36 of 1957 amended "Section 34–1208, Arkansas Statutes" to provide, in pertinent part:

SECTION 34–1208. MATTERS WHICH MUST BE PROVED—The plaintiff, to obtain a divorce, must prove, but need not allege, in addition to a legal cause of divorce

FIRST: A residence in the state for sixty (60) days *next before* the commencement of the action, and a residence in the state for three (3) full months *before* the final judgment granting the decree of divorce.
(Emphasis added.)

**5.** Again, Ms. Lundgren testified that she had known Robin since 1999.

cy requirements of section 9–12–306(a), which proof was corroborated, we hold that the circuit court in no way lacked jurisdiction to enter the instant divorce decree.

## II. *Marital Home*

 For his second point on appeal, Roberts asserts that the circuit court erred when it |₈ordered the marital home to be privately sold by a realtor, which he claims was in contravention of Ark.Code Ann. § 9–12–315(a)(3)(B) (Repl.2008).[6] However, our review of the record reveals no objection, either oral or written, by Roberts regarding the sale of the marital home. It is elementary that this court will not consider arguments that were not preserved for appellate review. *See Seidenstricker Farms v. Warren N. Doss & Etta A. Doss Family Trust,* 374 Ark. 123, 286 S.W.3d 142 (2008). We will not do so because it is incumbent upon the parties to

raise arguments initially to the circuit court and to give that court an opportunity to consider them. *See id.* Otherwise, we would be placed in the position of reversing a circuit court for reasons not addressed by that court. *See id.* Because Roberts failed to object to the circuit court's order regarding the sale of the marital home, we are precluded from reviewing his argument.

Affirmed.

---

6. That section provides:

(B) When it appears from the evidence in the case to the satisfaction of the court that the real estate is not susceptible of the division as provided for in this section without great prejudice to the parties interested, the court shall order a sale of the real estate. The sale shall be made by a commissioner to be appointed by the court for that purpose at public auction to the highest bidder upon the terms and conditions and at the time and place fixed by the court. The proceeds of every such sale, after deducting the cost and expenses of the sale, including the fee allowed the commissioner by the court for his or her services, shall be paid into the court and by the court divided among the parties in proportion to their respective rights in the premises.