Rhonda K. Wood, Justice, dissenting. The majority reverses the order terminating Jacob Earls’s parental rights on the basis that the record does not show that “Earls’s legal status as a ... biological parent was established,” and, therefore, he had no rights to terminate. I disagree. At the start of the termination-of-parental-rights hearing, the circuit court explained that Earls had the opportunity to meet his burden as to whether he was a putative father or a biological father. The court went further and referred to DHS Exhibit No. 2 and stated the ¡^results depicted a 99.9 percent probability that Earls was the father. As the majority also quoted, the court stated the following: So, on 8/27, we were to have a permanency planning hearing. At that time we should have had Mr. Earls before the Court attempting to meet his burden to determine where he falls. I guess he falls legally since we’ve got that [DNA test results], doesn’t he? The court, perhaps not as clearly as one would like, found Earls to be the biological and legal father at the start of the termination-of-parental-rights hearing, and Earls was afforded the right to appointed counsel. Earls also contends the court determined he was the legal father at the termination hearing. As the biological father, he qualifies as a “parent” under Arkansas Code Annotated section 9-27-303(40) (Repl. 2015). Although the majority is correct that the heading of the termination-of-parental-rights order continued to label him as the putative father, the order itself removed the putative label and simply referred to him as the “father.” Earls’s argument is not one the majority makes but is instead based on statutory interpretation. According to him, the twelve-month requirement in both grounds for termination could not apply until twelve months from the date he was declared the biological father. This argument fails. Earls has not preserved that argument for appeal. Even in cases involving dependency-neglect, we have held that we will not address the merits of an argument that is raised for the first time on appeal. E.g., Lamontagne v. Ark. Dep’t of Human Servs., 2010 Ark. 190, 366 S.W.3d 351; Ingle v. Ark. Dep’t of Human Servs., 2014 Ark. 53, 431 S.W.3d 303. Because Earls raises an issue of statutory interpretation—not one of sufficiency of the evidence—he was required to make the argument below. See Sullivan v. State, 2012 Ark. 74, at 30, 386 S.W.3d 507, 525 (“This court cannot and will not decide this issue of statutory interpretation for the first time on appeal.”). The majority has reversed the circuit court for a reason the parties do not argue and ignores the well-settled principle against “reversing a circuit court for reasons not addressed by that court.” Roberts v. Roberts, 2009 Ark. 567, at 8, 349 S.W.3d 886, 891. I would hold the circuit court correctly found that the Department proved two statutory grounds for termination and affirm.