JOHN DAN KEMP, Chief Justice
A Jefferson County Circuit Court jury found that appellant Davis Life Care Center (DLCC), a long-term care facility, was *459 not entitled to charitable immunity. DLCC appeals the judgment entered on the jury's verdict and the denial of its motion for new trial. For reversal, DLCC contends that (1) the circuit court improperly submitted the question of charitable immunity to the jury, (2) the circuit court inadequately instructed the jury on charitable immunity, and (3) the jury's verdict was clearly contrary to the preponderance of the evidence and contrary to the law on charitable immunity. We reverse and remand.[1]
I. Facts and Procedural History
Johnny Newborn resided at DLCC from May 18, 2011, until his death on December 6, 2011. After his death, appellee Gracie Neal, Newborn's sister, was appointed as personal representative of his estate for the purpose of pursuing a personal-injury, wrongful-death action.
On April 25, 2013, Neal sued DLCC on behalf of the estate of Johnny Newborn alleging (1) negligence, (2) medical malpractice, (3) breach of the admission agreement, (4) violations of the Long-Term Care Facility Residents' Rights Act, and (5) breach of the provider agreement. Neal alleged that while in DLCC's care, Newborn sustained numerous injuries, including multiple bedsores, improper catheter care that led to the erosion of his penis, multiple urinary-tract infections, skin tears, poor hygiene that contributed to the development and worsening of pressure sores, malnutrition, dehydration, aspiration, and ultimately, death. She sought compensatory and punitive damages, attorneys' fees, and costs.
Subsequently, DLCC filed a motion for summary judgment claiming entitlement to charitable immunity. The circuit court granted the motion, and Neal appealed. See Neal v. Davis Nursing Ass'n , 2015 Ark. App. 478, 470 S.W.3d 281. After conducting a de novo review and considering the charitable-immunity factors articulated in Masterson v. Stambuck , 321 Ark. 391, 902 S.W.2d 803 (1995), the court of appeals concluded that reasonable persons could reach different conclusions based on the undisputed facts presented. Neal , 2015 Ark. App. 478, at 4-8, 470 S.W.3d at 283-86. Accordingly, the court of appeals reversed and remanded the case to the circuit court for further proceedings. Id. at 8, 470 S.W.3d at 286.
After remand, DLCC moved for bifurcation of the proceedings. DLCC asserted that (1) the circuit court should hear evidence and determine whether DLCC is entitled to charitable immunity and (2) only if the circuit court rules that DLCC is not entitled to charitable immunity should the case proceed to a jury trial on the issues of liability and damages. Neal opposed both the bifurcation of the trial and the submission of the immunity question to the circuit court. Ultimately, the circuit court granted DLCC's request for bifurcation but ordered that the question of *460 DLCC's immunity would be submitted to a jury. Specifically, the circuit court ruled,
First, the issue of charitable immunity will be presented to the jury on interrogatories. If the defendant is found to be entitled to the defense of charitable immunity, an order of dismissal will be entered. If the defendant is found not to be entitled to the defense of charitable immunity, the remaining issues will be presented to the jury.
On November 15-17, 2016, a jury trial was held to determine whether DLCC was entitled to charitable immunity. At the close of evidence, the circuit court instructed the jury on the applicable law. The primary instruction given was based on the Masterson factors. The circuit court declined to give five instructions proffered by DLCC that included language gleaned from cases involving charitable immunity. The case was submitted to the jury on a single interrogatory: "Do you find from a preponderance of the evidence that Defendant Davis Nursing Association d/b/a Davis Life Care Center is entitled to the affirmative defense of charitable immunity?" The jury returned a verdict with the answer "No." The circuit court entered judgment on the jury's verdict. Thereafter, DLCC filed a motion for new trial. The motion was deemed denied.
DLCC appealed the circuit court's judgment and the denial of the motion for new trial to the court of appeals. DLCC contended that (1) the circuit court improperly submitted the question of charitable immunity to the jury, (2) the circuit court inadequately instructed the jury on charitable immunity, and (3) the jury's verdict was clearly contrary to the preponderance of the evidence and contrary to the law on charitable immunity. The court of appeals affirmed. Davis Nursing Ass'n v. Neal , 2018 Ark. App. 413, 560 S.W.3d 485. Davis filed a petition for review with this court, and we granted the petition. When we grant a petition for review, we consider the appeal as though it had originally been filed in this court. E.g. , Roberts v. Roberts , 2009 Ark. 567, 349 S.W.3d 886.
II. Charitable Immunity
This court has recognized the charitable-immunity doctrine for over a century. See Low v. Ins. Co. of N. Am. , 364 Ark. 427, 220 S.W.3d 670 (2005) (discussing the history of charitable immunity in Arkansas). The essence of the charitable-immunity doctrine is that organizations such as agencies and trusts created and maintained exclusively for charity may not have their assets diminished by execution in favor of one injured by acts of persons charged with duties under the agency or trust. George v. Jefferson Hosp. Ass'n , 337 Ark. 206, 987 S.W.2d 710 (1999).
Charitable immunity is immunity from suit , not simply immunity from liability. See Low , 364 Ark. 427, 220 S.W.3d 670. Immunity from suit is an entitlement not to stand trial or face the other burdens of litigation, while immunity from liability is a mere defense to a suit. See Robinson, 291 Ark. 477, 725 S.W.2d 839. Because the charitable-immunity doctrine favors charities and results in a limitation of potentially responsible persons whom an injured party may sue, we give the term "charitable immunity" a narrow construction. Williams v. Jefferson Hosp. Ass'n , 246 Ark. 1231, 442 S.W.2d 243 (1969).
To determine whether an organization is entitled to charitable immunity, courts consider the following factors:
(1) whether the organization's charter limits it to charitable or eleemosynary purposes; (2) whether the organization's charter contains a "not-for-profit" limitation; (3) whether the organization's goal is to break even; (4) whether the organization *461 earned a profit; (5) whether any profit or surplus must be used for charitable or eleemosynary purposes; (6) whether the organization depends on contributions and donations for its existence; (7) whether the organization provides its service free of charge to those unable to pay; and (8) whether the directors and officers receive compensation.
Masterson , 321 Ark. at 401, 902 S.W.2d at 809. These factors are illustrative, not exhaustive, and no single factor is dispositive of charitable status. Id. , 902 S.W.2d at 810.
III. Submission of Charitable-Immunity Issue to the Jury
DLCC contends that the issue of charitable immunity is a question of law for the court, rather than the jury, to decide. Accordingly, DLCC contends that the circuit court erred in submitting the issue of charitable immunity to the jury. Neal responds that the circuit court properly submitted the issue of charitable immunity to the jury because there are disputed facts concerning DLCC's charitable status.
In Anglin v. Johnson Regional Medical Center , 375 Ark. 10, 289 S.W.3d 28 (2008), this court reviewed an order of summary judgment granted in favor of a hospital on the basis that it was entitled to charitable immunity. The appellant contended that the issue whether a hospital is entitled to a defense of charitable immunity is a question of fact for the jury to decide. Therefore, he contended that he was unconstitutionally denied his right to a jury trial when the circuit court determined, as a matter of law, that the hospital was a charity entitled to immunity. In addressing the appellant's argument, we stated the following principles related to charitable immunity:
When there are no disputed facts regarding a defendant's charitable status, the determination of charitable status is a question of law for the court. Anglin , 375 Ark. at 21, 289 S.W.3d at 35. Disputed facts concerning an organization's charitable status may be presented to a jury. See id. , 289 S.W.3d at 35 (citing Crossett Health Ctr. v. Croswell , 221 Ark. 874, 256 S.W.2d 548 (1953) ). In some cases, "[w]hile there may be fact issues involved, they are not matters of disputed fact. Rather, they are differing legal interpretations of undisputed facts." Id. , 289 S.W.3d at 35 (quoting George , 337 Ark. at 212-13, 987 S.W.2d at 713 ). In such cases, the circuit court should grant summary judgment "where reasonable persons would not reach different conclusions based upon those undisputed facts." Id. , 289 S.W.3d at 35.
After considering the Masterson factors and the evidence presented, we concluded that because no disputed facts existed, the appellant was not entitled to a jury trial. Anglin , 375 Ark. at 22, 289 S.W.3d at 36 (noting that the issues regarding the hospital's profit and its practice of filing suit to collect unpaid medical bills involved differing legal interpretations of undisputed facts). Accordingly, we held that the circuit court correctly determined, as a matter of law, that the hospital was entitled to charitable immunity. Id. , 289 S.W.3d at 36.
With this background, we return to the facts in the instant case. In 2015, the court of appeals held that the circuit court erred in determining on summary judgment that DLCC was immune from suit. Neal , 2015 Ark. App. 478, 470 S.W.3d 281. Specifically, the court of appeals identified facts that needed further development and concluded that reasonable persons could reach different conclusions based on the undisputed facts presented. On remand, the circuit court submitted the charitable-immunity *462 question to the jury. We hold that the circuit court erred in doing so.
The ultimate question of charitable immunity is a matter of law for the court to decide. See Anglin , 375 Ark. 10, 289 S.W.3d 28. We reverse and remand for the circuit court to hear evidence and determine whether DLCC is entitled to charitable immunity. If the existence of charitable immunity turns on disputed factual issues, then the jury may determine the facts, and the circuit court will subsequently determine whether those facts are sufficient to establish charitable immunity.[2] Based on the foregoing, we need not consider DLCC's remaining contentions.
Reversed and remanded; court of appeals opinion vacated.
Wood, J., concurs.
Baker, Hart, and Wynne, JJ., dissent.

An appeal may be taken from the denial of a claim of immunity from suit. See Ark. R. App. P.-Civ. 2(a)(2) (2018) (stating that a party may appeal an order "which in effect determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action"); Simons v. Marshall , 369 Ark. 447, 255 S.W.3d 838 (2007) ; Dermott Special Sch. Dist. v. Johnson , 343 Ark. 90, 32 S.W.3d 477 (2000) ; Ozarks Res. Coop., Inc. v. Daniels , 333 Ark. 214, 969 S.W.2d 169 (1998) ; Newton v. Etoch , 332 Ark. 325, 965 S.W.2d 96 (1998) ;Virden v. Roper , 302 Ark. 125, 788 S.W.2d 470 (1990) ; Robinson v. Beaumont , 291 Ark. 477, 725 S.W.2d 839 (1987) ; cf. Jaggers v. Zolliecoffer , 290 Ark. 250, 254, 718 S.W.2d 441, 443 (1986) (dismissing interlocutory appeal on the issue of statutory immunity from liability because "[w]hile immunity from suit may be a right irretrievably lost if an official claiming immunity has to participate in a trial on the merits, immunity from liability is no such right.").

Carefully drafted interrogatories would allow jurors to decide factual issues and preserve the ultimate legal determination for the court. It is erroneous, however, to submit the ultimate question of charitable immunity to the jury.