Cite as 2020 Ark. App. 186

# ARKANSAS COURT OF APPEALS
DIVISION I
No.    CV-18-846

| | |
|---|---|
| PROGRESSIVE ELDERCARE SERVICES-CHICOT, INC., d/b/a LAKE VILLAGE REHABILITATION AND CARE CENTER | Opinion Delivered  March 18, 2020 |
| APPELLANT | APPEAL FROM THE CHICOT COUNTY CIRCUIT COURT [NO. 09CV-15-62] |
| V. | HONORABLE STEVEN PORCH, JUDGE |
| CARRIE LANG AND CARRIE MAE HILLARD AS CO-PERSONAL REPRESENTATIVES OF THE ESTATE OF LULA BELL GLASS PUGH AND ON BEHALF OF BENEFICIARIES OF LULA BELL GLASS PUGH | |
| APPELLEES | AFFIRMED AS MODIFIED; REMANDED |

**BRANDON J. HARRISON, Judge**

This appeal is the latest in a series of appeals dealing with whether a nursing home is entitled to charitable immunity.  Here, Progressive Eldercare Services-Chicot, Inc. d/b/a Lake Village Rehabilitation and Care Center (PES-Chicot) moved for summary judgment, claiming that it is a charitably immune entity under Arkansas law.  Carrie Lang and Carrie Mae Hillard as co-personal representatives of the Estate of Lula Bell Glass Pugh and on behalf of the beneficiaries of Lula Bell Glass Pugh (Pugh) opposed the motion. The circuit court denied PES-Chicot's motion for summary judgment in an order entered in July 2018. The July 2018 order provided that genuine issues of material fact were in dispute; it also

specifically incorporated its ruling from the bench in which it stated that a jury must decide whether PES-Chicot is entitled to charitable immunity.

PES-Chicot timely filed a notice of appeal from the order denying summary judgment. Our jurisdiction is pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(2).

The circuit court's order, which incorporated its ruling from the bench, was a reasonable interpretation of the law when made in July 2018. In April 2019, however, our supreme court, in *Davis Nursing Association v. Neal*, 2019 Ark. 91, 570 S.W.3d 457, addressed whether the ultimate question of charitable immunity could be submitted to a jury. The circuit court in *Neal* submitted the question to a jury, and the jury returned a verdict finding that the nursing home was not entitled to charitable immunity. Our supreme court reversed the jury verdict and held that the ultimate question whether an entity is entitled to charitable immunity is a question of law that courts must decide.

Given the appearance of *Neal*, the circuit court erred as a matter of law when it ruled that it would give to a jury the question whether PES-Chicot was entitled to charitable immunity. But that ruling does not, in and of itself, warrant a reversal of the order denying PES-Chicot's motion for summary judgment for reasons we now explain.

Although the circuit court erred given *Neal*, it correctly ruled that genuine issues of material fact were in dispute given the record and the caselaw. We therefore remand the case for further proceedings. On remand, if the case on charitable immunity is tried to a jury, the court will have to specifically identify the facts that are in dispute or the facts, though undisputed, on which reasonable persons could reach different conclusions.

Under *Neal*, if the question of charitable immunity rests on disputed factual issues, a jury may determine those on "carefully drafted interrogatories." *Neal*, 2019 Ark. at 8, n.2, 570 S.W.3d at 462, n.2. The court and the parties will presumably base the interrogatories on the "illustrative, [but] not exhaustive" *Masterson* factors. *Neal*, 2019 Ark. 91, at 5–8, 570 S.W.3d at 461–62. Unless and until the circuit court identifies which facts are disputed, neither the parties nor the court can craft and submit interrogatories to the jury so that it may resolve the disputes.

After the jury answers the interrogatories they are tasked to answer, the circuit court will apply the answers to charitable-immunity law and decide whether PES-Chicot is immune. We are hard-pressed to see how a remand would proceed otherwise, absent a settlement by the parties or an agreement to try the immunity issue to the bench.

Affirmed as modified; remanded.

SWITZER and VAUGHT, JJ., agree.

*Kutak Rock LLP*, by: *Mark W. Dossett*, for appellant.

*Marks, Balette, Giessel & Young, P.L.L.C.*, by: *Jacques G. Balette*; and *The Edwards Firm, PLLC*, by: *Robert "Bob" Edwards*, for appellees.