## TROILLET *v.* TROILLET.

5-1222                             300 S. W. 2d 273

Opinion delivered April 1, 1957.

*Francis T. Donovan,* for appellant.

*Wood & Smith,* for appellee.

J. SEABORN HOLT, Associate Justice. The parties to this suit were each born in Arkansas. Appellee, Elsie Mae Troillet, has lived mostly in Little Rock, Arkansas, until she secured work in Dallas, Texas, in 1952 and took up her residence in that city. She met appellant, Leo Joseph Troillet, in Dallas and they were married February 14, 1953. Appellant had lived in Conway, Arkansas, until he moved to Dallas, Texas in 1952. Following their marriage they made their home in Dallas for upwards of four years, when they separated. A girl baby was born to them. On May 15, 1956, appellee filed suit for a divorce, for child custody and support,

in Pulaski County, Arkansas, approximately 5 days after she had come to the home of her parents in Little Rock, Arkansas, and after having resided with her husband for some four years in Dallas, as indicated. Appellant answered with a general denial and in a cross complaint sought a divorce and custody of the child.

Trial resulted in a decree in favor of appellee for divorce, and custody of the child, on July 24, 1956. This appeal followed. For reversal appellant contends that the trial court was without jurisdiction of the parties, for the reason that appellee was not a resident of Arkansas at the time she filed suit, as provided and required in § 34-1208 Ark. Stats. 1947. Appellee on the other hand maintained in the trial below and argues here on appeal that "both parties were domiciliaries of Arkansas and their domicile never changed because residence in other states was never coupled with an intention to remain."

We have concluded that the contention of appellant was correct and must be sustained. § 34-1208 above provides: "The plaintiff, to obtain a divorce, must prove but need not allege, in addition to a legal cause of divorce: First, a residence in the State for three (3) months next before the final judgment granting a divorce in the action and a residence for two (2) months next before the commencement of the action." In *Parseghian* v. *Parseghian,* 206 Ark. 869, 178 S. W. 2d 49, in construing the above statute, we held that residence for two months in this state before filing suit for divorce is jurisdictional, and cited a number of cases in support. In that case we held that a divorce suit must be dismissed as premature where the plaintiff's own testimony disclosed that he had been in the state two days less than two months before commencing his suit. See also *Porter* v. *Porter,* 209 Ark. 371, 195 S. W. 2d 53. We have consistently reaffirmed our holding in these cases.

Appellee's own testimony conclusively shows that she had not complied with this statute, which requires residence in Arkansas for at least two months next be-

fore filing her suit for divorce. In fact, she, in effect, admitted she had only been in Arkansas some 5 or 6 days when she filed her action for divorce. Her testimony reflects: ''Q. You are telling the Court you have been in Arkansas since May 10? A. Yes, sir. Q. That is approximately correct? A. Yes, sir . . . Q. Then you were not a resident of Arkansas for 60 days prior to the filing of this lawsuit, were you? A. No, sir . . . Q. So, you did consider yourself a resident of Dallas, Texas, as of the 13th day of March, 1956, and during the 4 years that you lived in Dallas? A. Yes.'' Her testimony was also corroborated by other witnesses. In fact, we find no contradictory testimony. Appellant testified: ''Q. But your home residence and domicile was in Dallas, Texas? A. It has been in Dallas. Q. Since 1952? A. Since 1952.''

It appears that appellee did not testify that it was her intention to remain in Arkansas and maintain a home here. In the circumstances we hold that appellee's domicile since she moved to Dallas in 1952 has been in that city, and if she has since then acquired a domicile in Arkansas, she had not resided here for the required sixty days before filing suit. In *Oakes* v. *Oakes*, 219 Ark. 363, 242 S. W. 2d 128, we said: ''. . . to effect a change of domicile from one locality, state or country to another, there must be an actual abandonment of the first domicile, coupled with an intention not to return to it, and there must be a new domicile acquired by actual residence in another place or jurisdiction, with the intention of making the last acquired residence a permanent home . . . The change of residence must be voluntary; the residence at the place chosen for the domicile must be actual; and to the fact of residence there must be added the *animus manendi*.''

Having concluded that the present suit was prematurely brought, the decree is reversed and the cause dismissed.