Christopher Wayne ROBERTS  *v.*  Robin Yanyan YANG

CA 07–1112                                    285 S.W.3d 689

Court of Appeals of Arkansas
Opinion delivered June 4, 2008

*Tripcony Law Firm, P.A.*, by: *James L. Tripcony*, for appellant.

No response.

D.P. MARSHALL JR., Judge. Christopher Roberts appeals the circuit court's decree divorcing him from Robin Yanyan Yang. Roberts argues two points. He first asks us to reverse the decree because Yang failed to prove that one of the parties resided in Arkansas for the three months right before the circuit court entered the decree. He also contends that the court violated the controlling statute by ordering a private sale of the marital home. Yang did not file an opposing brief. Instead, she filed a letter stating that she "does not contest either of the appellant's two points on appeal, and she anticipates a reversal and remand of the case to the circuit court for further proceedings."

Yang's confession of error makes the case seem straightforward. We have an independent obligation, however, to evaluate Roberts's arguments for reversal on the record presented and the governing law. "The proper administration of the law cannot be left merely to the stipulation of the parties." *Burrell v. State*, 65 Ark. App. 272, 276, 986 S.W.2d 141, 143 (1999). We must pass judgment on whether reversible error occurred.

We first hold that no error occurred on the residence issue. As Roberts contends, adequate proof of the statute's residence requirements is a necessary part of the circuit court's subject matter jurisdiction over a divorce complaint. *Rogers v. Rogers*, 90 Ark. App. 321, 326, 205 S.W.3d 856, 860-61 (2005). We quote the governing statute in full in the margin.[1] The dispositive provision for this case is (a)(1)(A). Roberts argues that this provision requires

---

[1] (a) To obtain a divorce, the plaintiff must prove, but need not allege, in addition to a legal cause of divorce:

(1)(A) A residence in the state by either the plaintiff or defendant for sixty (60) days next before the commencement of the action and a residence in the state for three (3) full months before the final judgment granting the decree of divorce.

(B) No decree of divorce, however, shall be granted until at least thirty (30) days have elapsed from the date of the filing of the complaint.

(C) When personal service cannot be had upon the defendant or when the defendant fails to enter his or her appearance in the action, no decree of divorce shall be granted the plaintiff until the plaintiff has maintained an actual residence in the State of Arkansas for a period of not less than three (3) full months;

corroborated proof that either he or Yang resided in Arkansas for the three months immediately preceding the decree.

Here are the material facts distilled from the court filings, Yang's testimony, and her corroborating witness's testimony. Yang and Roberts resided in Arkansas (except for one brief period) as husband and wife from sometime in 1999 (or before) through November 2005. Within the next few weeks, Yang filed for divorce and served Roberts. She moved into an apartment in Little Rock soon thereafter. She continued to reside in Arkansas until November 2006, when she moved to New York. The circuit court entered the divorce decree in July 2007. All the facts about Roberts's residence are not abstracted or in the addendum. The record indicates that he was probably an Arkansas resident throughout the case. But we focus on Yang's residence because the facts about Roberts's residence are thin and because Roberts argues his appeal by focusing on Yang's residence.

■ We hold that the undisputed facts about Yang's residence, and the filing dates of her complaint and the court's decree, satisfy the statute. She resided in Arkansas for the "sixty (60) days next before the commencement of the action" in November 2005. She had resided in Arkansas for several years before commencing her divorce case, which satisfied the second condition of (a)(1)(A): "residence in the state for three (3) full months before the final judgment granting the decree of divorce." And she remained an Arkansas resident for almost a year after filing her case. There is no contention made that the statute's thirty-day cooling-off period

(2) That the cause of action and cause of divorce occurred or existed in this state or, if out of the state, that it was a legal cause of divorce in this state, the laws of this state to govern exclusively and independently of the laws of any other state as to the cause of divorce; and

(3) That the cause of divorce occurred or existed within five (5) years next before the commencement of the suit.

(b) "Residence" as used in subsection (a) of this section is defined to mean actual presence, and upon proof of that the part alleging and offering the proof shall be considered domiciled in the state, and this is declared to be the legislative intent and public policy of the State of Arkansas.

Ark. Code Ann. § 9-12-307 (Repl. 2008).

between commencement and decree, Ark. Code Ann. § 9-12-307(a)(1)(B), was not satisfied. The record leaves no doubt that it was.

We reject Roberts's argument that the statute requires three-months' residence immediately before entry of the decree. The plain meaning of the provision does not establish this requirement. *Farrell v. Farrell*, 365 Ark. 465, 470, 231 S.W.3d 619, 623 (2006). Moreover, Roberts's authority for this proposition, *Troillet v. Troillet*, 227 Ark. 624, 300 S.W.2d 273 (1957), did not construe the current version of our statute.

The statute once stated: "[t]he plaintiff, to obtain a divorce, must prove, but need not allege, in addition to a legal cause of divorce: First, a residence in the State for three (3) months next before the final judgment granting a divorce in the action and a residence for two (2) months next before the commencement of the action." *Troillet*, 227 Ark. at 625, 300 S.W.2d at 274 (quoting Ark. Stat. § 34-1208, the ancestor of Ark. Code Ann. § 9-12-307). Act 36 of 1957 amended this provision. Among other things, the 1957 Act eliminated the word "next" as the qualifying adjective describing the requirement of three months' residence before the decree. If there is an ambiguity in the current provision, this amendment dispels it. Because "the legislators specifically deleted the word[] [next], we find it impossible to believe that they really meant for that deletion to be meaningless." *Frolic Footwear, Inc. v. State*, 284 Ark. 487, 489, 683 S.W.2d 611, 612 (1985). The 1957 amendment undermines Roberts's reading of the current version of Ark. Code Ann. § 9-12-307(a)(1)(A).

The statute indicates its purpose. In Ark. Code Ann. § 9-12-307(b), the statute defines residence as "actual presence," equates adequate proof of presence with domicile, and states that these criteria embody our state's public policy. *Wheat v. Wheat*, 229 Ark. 842, 843-50, 318 S.W.2d 793, 794-97 (1958). The residence requirements not only secure subject matter jurisdiction, they likewise confirm Arkansas's interest in the dispute and prevent nonresidents from litigating their divorces here. We see no warrant in this statute for requiring Arkansas residents who seek a divorce, and who have satisfied the statutory residence conditions, to either remain in Arkansas until the circuit court enters a decree or, if they have moved after filing, return for a few months before the decree is entered. The statute's words do not require that reading, and the increasingly mobile nature of society counsels against it.

■ "Jurisdiction of the court to dissolve a marriage is in rem with the marriage being the res[.]" 2 David Newbern & John J. Watkins, *Arkansas Practice Series, Civil Practice and Procedure* § 38:2 at 702 (4th ed. 2006). Once the circuit court acquires jurisdiction by the parties' satisfaction of all the residence conditions, the court does not then lose jurisdiction simply because the parties later happen to relocate out of state. "[W]here a court once rightfully acquires jurisdiction of a cause, it has the right to retain and decide. . . . It is quite clear that the jurisdiction of the court depends upon the state of things at the time of the action brought, and, after vesting, it can not be ousted by subsequent events." *Estes v. Martin*, 34 Ark. 410, 419, 1879 WL 1317 (1879); *see also Wasson v. Dodge*, 192 Ark. 728, 730-31, 94 S.W.2d 720, 721 (1936). Here, because of Yang's extended Arkansas residence, the circuit court's jurisdiction vested — subject to later corroborated proof of the jurisdictional facts — when she commenced the case. Yang's later relocation did not oust the court from having the power to decide her complaint.

Roberts's second point has merit, but he waived it in the circuit court. When marital property must be sold to be divided, the controlling statute requires a public sale. Ark. Code Ann. § 9-12-315(a)(3)(B) (Repl. 2008). Here the circuit court ordered a private sale. Roberts did not object to this sale procedure when the circuit court made its bench ruling or when the court entered its decree.

■ Roberts now points out the circuit court's error under the statute. His objection comes too late. This issue is not a sufficiency-of-the-evidence question, which we may address on appeal after a bench trial even if no objection was made in the circuit court. Ark. R. Civ. P. 52(b)(2). Nor is this issue like residence and grounds, statutory prerequisites for divorce which are open to challenge on appeal notwithstanding a waiver below. *Araneda v. Araneda*, 48 Ark. App. 236, 237, 894 S.W.2d 146, 147 (1995) (residence); *Dee v. Dee*, 99 Ark. App. 159, 161-62, 258 S.W.3d 405, 406 (2007) (grounds). Having not called the defect in the sale procedure to the circuit court's attention and given that court an opportunity to correct it, Roberts cannot challenge this point now. *Myrick v. Myrick*, 339 Ark. 1, 6, 2 S.W.3d 60, 63 (1999).

Affirmed.

HART and GLADWIN, JJ., agree.