375 Ark. 358

**Emilia DUKE, Appellant,**

**v.**

**Joseph Edward SHINPAUGH and Rebekah Shinpaugh Ogle, Appellees.**

**No. 08–311.**

Supreme Court of Arkansas.

Jan. 15, 2009.

Legal Aid of Arkansas, by: W. Marshall Prettyman, Fayetteville, for appellant.

Penix and Taylor, by: Stephen L. Taylor, Springdale, for appellees.

PAUL E. DANIELSON, Justice.

■ In this consolidated appeal, appellant Emilia Duke appeals from the circuit court's order in CV–2006–848–1, setting aside her warranty deed to certain property, and the circuit court's order in CV–2006–1169–1, finding that her actions constituted unlawful detainer and rendering possession of the residence and property at issue to appellees Joseph Edward Shinpaugh and Rebekah Shinpaugh Ogle, as administrators of the Estate of Calvin Leeroy Shinpaugh, Deceased (hereinafter "the Estate"). Our court of appeals affirmed in part and reversed in part the circuit court's orders in a 4–1–4 decision, see Duke v. Shinpaugh, 101 Ark.App. 331, 276 S.W.3d 713 (2008), and the Estate petitioned this court for review, which we granted. When we grant a petition for review, we consider the appeal as though it had originally been filed in this court. See Pest Mgmt., Inc. v. Langer, 369 Ark. 52, 250 S.W.3d 550 (2007). On appeal, Ms. Duke asserts three points of error: (1) that the circuit court erred in disallowing testimony of statements made by the decedent; (2) that the circuit court erred in finding that her power of attorney was procured by undue influence; and (3) that the circuit court erred in finding the agreement testamentary in nature and in applying the undue-influence presumption. We affirm the circuit court's orders.

In 1997, Emilia Duke moved into the home of her mother, Francis Shinpaugh, and her stepfather, the decedent, Leeroy Shinpaugh. Ms. Duke cared for her mother, who was ill, and also attended to matters for her stepfather. After her mother's death on May 15, 2005, Ms. Duke became worried about her living situation. For that reason, she met with her stepfather, and, subsequently, on May 24, 2005, while in the hospital, Mr. Shinpaugh executed the following statement, entitled "AGREEMENT:"

I, Calvin Leroy [sic] Shinpaugh, residing at 3275 N. Wagner Road, Fayetteville, AR 72704, Being of sound mind and competent this <u>24th Day of May</u> 2005 date [sic]; I give to Emilia Duke one acre of land adjacent to the north of the one acre at the corner of Wagner Road and Weir Road. I also bequeath the household objects belonging to her mother and her father, James Duke, which consists [sic] of; two rocking chairs, a Black gum desk, a Morracan [sic] tray, and various other objects of furniture and plants. Not included is an Acrosonic piano. I also give to her the contents of the bank box located in the Bank of Elkins, Elkins, AR, which belonged to Francis Shinpaugh, her mother. In the box are items such as; a seventeen hundreds [sic] coin, an ivory Buddha, a diamond ring and other items.

Emilia has lived at 3275 N. Wagner Road for eight years. We invited her to live here. In the duration she was a caregiver for my wife Francis for four years at six to eight hours a day with no holidays. She has cleaned, maintained three acres, did landscaping and gardening and various other [sic] tasks.

Emilia, at the time of this will, was a twenty-four hour caregiver to Francis, an eighty-five year old stroke patient. Emilia changed her diaper, spoon-fed her, lifted her, changed her clothes, gave her sponge baths and all personal hygiene. She is also doing the yard work, running errands, cooking, washing dishes and at the time of this writing, taking us to doctors appointments.

In the duration of the time that Emilia has been living with us, she has supported herself by building furniture and selling it to local businesses. Supplementary to this, she helped support Calvin Duke, our grandson and parent-

*ed him.  Calvin Duke was present part-time for eighteen years.*

*This is my only will to date.  This document is not revocable.  I, Calvin Leroy [sic] Shinpaugh, am a primary beneficiary.*

*This document under contest will not be my will as is made clear and concise what I wanted at signing.*

signature    *Calvin Leroy [sic] Shinpaugh*

_____    *Witness*

_____    *Witness*    5/24/05    *Date of signing*

signature    *Notary*

The following day, on May 25, 2005, Mr. Shinpaugh, with his counsel, executed a general durable power of attorney, naming Ms. Duke as his "true and lawful attorney in fact and agent."

On February 8, 2006, Ms. Duke, "Under Power of Attorney dated May 25, 2005," executed a warranty deed, granting to herself, one acre of the 2.9 acres owned by Mr. Shinpaugh, in consideration of the sum of $1. Almost one month later, Mr. Shinpaugh died, and his son and daughter from a previous marriage were appointed administrators of his estate.

On April 24, 2006, the Estate filed a complaint in circuit court, CV–2006–848–1, alleging that Ms. Duke breached her fiduciary duty as attorney in fact when she conveyed the one acre of Mr. Shinpaugh's property to herself.  It further asserted that due to Ms. Duke's breach, the deed should be set aside and that an accounting should be provided.

On June 7, 2006, the Estate filed a separate complaint in forcible entry and detainer in the circuit court, CV–2006–1169–1. In it, the administrators of the Estate asserted that Ms. Duke was guilty of forcible entry and detainer and that they were entitled to possession of the Shinpaugh residence.  In response, Ms. Duke counterclaimed, alleging that the administra-

tors of the Estate converted her property after a writ of possession was issued.

On December 29, 2006, a bench trial was held on both cases with testimony presented and arguments made by both parties. At the conclusion of the hearing, the circuit court ruled orally, and its ruling was memorialized in two separate orders.  In CV–2006–848–1, the circuit court's order made several findings:

- that the agreement, despite its title, was testamentary rather than contractual in nature;

- that a confidential relationship existed between Mr. Shinpaugh and Ms. Duke at the time that the agreement and the power of attorney were signed by Mr. Shinpaugh;

- that the existence of a confidential relationship created a presumption that Mr. Shinpaugh signed the agreement and power of attorney while under the undue influence of Ms. Duke;

- that Ms. Duke failed to meet her burden of proving by evidence beyond a reasonable doubt that Mr. Shinpaugh executed the two documents free from Ms. Duke's undue influence;

- that the power of attorney signed by Mr. Shinpaugh was void;

- that, even if the power of attorney were found to be valid, Ms. Duke "exceeded her authority and powers granted under the terms of the power of attorney in conveying the property to herself and that she breached her fiduciary duty not to engage in self-dealing in so doing"; and

- that the warranty deed, by which Ms. Duke under power of attorney, conveyed the one acre should be, and was set aside.

In CV–2006–1169–1, the circuit court found that Ms. Duke's actions in failing to vacate the Shinpaugh residence, after the circuit court's issuance of a writ of possession to the Estate, constituted unlawful detainer.

In addition, the circuit court found that the Estate was entitled to permanent possession of the residence and property and that Ms. Duke's counterclaim was moot. Ms. Duke now appeals.

While Ms. Duke initially challenges the circuit court's exclusion of testimony, a proper analysis requires this court to first examine the validity of the power of attorney, which was her second point on appeal. With respect to the validity of the power of attorney, Ms. Duke argues that the circuit court erred in finding that the power of attorney was the product of undue influence, where the Estate did not challenge the validity of the power of attorney. She further asserts that because the Estate's attorney prepared the power of attorney for Mr. Shinpaugh to sign, the Estate's attorney would have been a necessary witness had the power of attorney been challenged. The Estate responds that the circuit court did not err because it did not find that the power of attorney had been procured by undue influence, but that Ms. Duke had failed to meet her burden of proving that the decedent had signed the power of attorney free of undue influence. It further points to the circuit court's alternative finding that if the power of attorney were valid, Ms. Duke exceeded her authority by conveying to herself the property and urges this court to affirm the circuit court's orders.

■■■■ Our standard of review on appeal from a bench trial is not whether there was substantial evidence to support the finding of the circuit court, but whether the circuit court's findings were clearly erroneous or clearly against the preponderance of the evidence. *See Omni Holding & Dev. Corp. v. C.A.G. Invs., Inc.*, 370 Ark. 220, 258 S.W.3d 374 (2007). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that an error has been committed. *See id.* Facts in dispute and determinations of credibility are within the province of the fact-finder. *See id.*

■■ That being said, we are precluded from addressing Ms. Duke's assertion of error regarding the validity of the power of attorney, because she failed to challenge both independent grounds for the circuit court's decision. Here, in addition to its ruling that the power of attorney was void, the circuit court alternatively ruled that, if the power of attorney were found to be valid, Ms. Duke "exceeded her authority and powers granted under the terms of the power of attorney in conveying the property to herself and that she breached her fiduciary duty not to engage in self-dealing in so doing." While Ms. Duke challenges the circuit court's finding that the power of attorney was void, she does not challenge the circuit court's alternative finding on appeal and has given us no basis for holding that it was clearly erroneous or clearly against the preponderance of the evidence.[1] A review of Ms. Duke's brief reveals no argument that she did not exceed the authority of the power of attorney, that she did not self deal, or that she did not breach her fiduciary duty.[2] *See Duke v.*

---

1. As further evidence that Ms. Duke does not challenge the circuit court's alternative ruling on appeal, Ms. Duke states in the conclusion of her brief that the case should be "reversed or at the very least reversed and remanded for consideration of the excluded testimony and the effect of proper findings as to the Power of Attorney." Here, the circuit court did make the "proper finding," albeit an alternative one, that if the power of attorney was

valid, Ms. Duke exceeded her authority under it. As noted, Ms. Duke does not acknowledge that finding, nor does she challenge this alternative ruling by the circuit court in her arguments on appeal.

2. While Ms. Duke may make some of these arguments in her supplemental brief to this court, she makes this argument for the first time in that brief, and the permission to file a

*Shinpaugh,* 101 Ark.App. at 339 n. 5, 276 S.W.3d at 719 (acknowledging that Ms. Duke did not specifically challenge the circuit court's finding that she exceeded the scope of her authority under the power of attorney).

We have held that where the circuit court based its decision on two independent grounds and appellant challenges only one on appeal, the appellate court will affirm without addressing either. *See, e.g., Coleman v. Regions Bank,* 364 Ark. 59, 216 S.W.3d 569 (2005); *Pearrow v. Feagin,* 300 Ark. 274, 778 S.W.2d 941 (1989). In this case, the circuit court provided two clearly independent grounds on which it based its decision to set aside the deed: (1) because the power of attorney was void; or (2) because, even if the power of attorney was valid, Ms. Duke exceeded her authority under it by conveying the property to herself, thereby breaching her fiduciary duty by self dealing. Because Ms. Duke failed to challenge the latter, independent ground for setting aside the deed, that finding stands and the circuit court's order in CV–2006–848–1 must be affirmed. Because we affirm the circuit court's order on this basis, we affirm the circuit court's order of possession and judgment in CV–2006–1169–1 as well, and there is no need to address Ms. Duke's remaining arguments.

Affirmed.

supplemental brief and reply does not give an appellant permission to raise points on appeal that were not originally submitted to the court of appeals for review. *See Rodriguez v. Arkansas Dep't of Human Servs.,* 360 Ark. 180, 200 S.W.3d 431 (2004). Were we to consider additional arguments in cases on review from the court of appeals, it would permit an ap-

pellant a so-called "second bite at the apple," after the appellant has had the benefit of the court of appeals' opinion. We, therefore, are precluded from considering any point on appeal raised in a supplemental brief that was not originally submitted to the court of appeals. *See id.*