2009 Ark. 306

**Christopher Wayne ROBERTS, Appellant,**

v.

**Robin Yanyan ROBERTS, Appellee.**

No. 08–740.

Supreme Court of Arkansas.

May 21, 2009.

Tripcony Law Firm, P.A., by: James L. Tripcony, Little Rock, for appellant.

No response.

PER CURIAM.

Appellant Christopher W. Roberts appeals from the divorce decree that ended his marriage to appellee Robin Yanyan Roberts. Roberts appealed the decree to the court of appeals, which affirmed without an order to rebrief, *see Roberts v. Yang,* 102 Ark.App. 384, 285 S.W.3d 689 (2008),[1] and Roberts then petitioned this court for review, which we granted. When we grant a petition for review, we consider the appeal as though it had originally been filed in this court. *See Duke v. Shinpaugh,* 375 Ark. 358, 290 S.W.3d 591 (2009). Because our review of Roberts's brief reveals that it fails to comply with our rules, we order rebriefing.

Our abstracting rule provides, in pertinent part:

(5) *Abstract.* The appellant's abstract or abridgment of the transcript should consist of an impartial condensation, without comment or emphasis, of only

---

1. While the court of appeals' opinion is styled *Roberts v. Yang,* the record, as well as the notice of appeal, designate the matter as *Roberts v. Roberts.* Accordingly, we will style the matter *Roberts v. Roberts.*

such material parts of the testimony of the witnesses and colloquies between the court and counsel and other parties as are necessary to an understanding of all questions presented to the Court for decision.... Not more than one page of the transcript shall in any instance be abstracted without a page reference to the transcript. In the abstracting of testimony, the first person (i.e., "I") rather than the third person (i.e., "He, She") shall be used. The Clerk will refuse to accept a brief if the testimony is not abstracted in the first person or if the abstract does not contain the required references to the record. Whenever a map, plat, photograph, or other similar exhibit must be examined for a clear understanding of the testimony, the appellant shall reproduce the exhibit by photography or other process and include it in the Addendum with a reference in the abstract to the page in the Addendum where the exhibit appears unless this requirement is shown to be impracticable and is waived by the Court upon motion.

Ark. Sup.Ct. R. 4–2(a)(5). Rule 4–2(b)(3) sets forth the procedure to be followed when an appellant has failed to supply this court with an adequate brief:

> (3) Whether or not the appellee has called attention to deficiencies in the appellant's abstract or Addendum, the Court may address the question at any time. If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, Addendum, and

brief, at his or her own expense, to conform to Rule 4–2(a)(5) and (8). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the Court may direct. If after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, Addendum and brief within the prescribed time, the judgment or decree may ⌊3be affirmed for noncompliance with the Rule.

Ark. Sup.Ct. R. 4–2(b)(3).

Roberts raises two points on appeal, the first of which challenges the circuit court's jurisdiction to enter the divorce decree. Specifically, Roberts argues that Robin failed to prove the requisite residency requirements set forth in Arkansas Code Annotated § 9–12–307(a)(1)(A) (Repl.2008), which are required to be corroborated pursuant to Arkansas Code Annotated § 9–12–306(c)(1). A review of the record reveals that a hearing was held at which Robin presented testimony regarding the residency requirements. Here, despite abstracting the testimony of Robin's corroborating witness, Roberts failed to abstract the testimony of Robin herself and even deems it "immaterial to this appeal." However, pursuant to the statutes, proof of residency must be made and *that proof* must be corroborated. Accordingly, where Robin's testimony is the "proof," it is *essential* for this court to have the testimony for its review and determination of whether the circuit court's finding of residency was erroneous.[2]

⌊4Because Roberts has failed to comply with our rules, we order him to file a

---

**2.** While the dissent would not order rebriefing, but would rely solely on the testimony of

the corroborating witness and the circuit court's finding of residency as proof of Rob-

substituted brief, which complies with our rules, within fifteen days from the date of entry of this order. We further encourage appellate counsel, prior to filing the substituted brief, to review our rules and the appellant's substituted brief to ensure that no additional deficiencies are present.

Rebriefing ordered.

CORBIN and IMBER, JJ., concur.

BROWN, J., dissents.

DONALD L. CORBIN, Justice, concurring.

While I agree that the instant case must be sent back for rebriefing, I must write separately to voice my concern about the problems arising from the increased number of appeals with deficiency problems. The dissent is correct that sending cases back causes added delay and expense to the appellants. It also causes a backlog in our appellate system. I do not enjoy sending cases back. I would much rather decide the merits of an appeal when it is first presented to this court. Nevertheless, we cannot simply ignore our rules that require an appellant to present an abstract of the "material parts of the testimony of the witnesses" and an addendum that contains "relevant pleadings, documents, or exhibits." *See* Ark. Sup.Ct. R. 4–2(a)(5), (8). I reiterate the position ex-

in's residency, its reliance is misplaced. Here, the circuit court's finding of residency is the precise finding being challenged on appeal. Therefore, it cannot and should not be used in any way as support for this court's disposition of whether that finding was erroneous.

The dissent makes clear its belief that our rules must only be followed in certain instances and that, where the "essential facts cannot be gleaned from the brief as filed," only then may this court order rebriefing. That is not what our rules require. As set forth above, "[i]f the Court finds the abstract or Addendum to be deficient *such that the Court cannot reach the merits of the case*, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies." Ark. Sup.Ct. R. 4–2(b)(3) (emphasis added).

Rules are rules for a reason, and they have a purpose. Our abstract and addendum rules exist so that this court can work efficiently to issue learned and informed opinions. We changed our rules in 2001 in an effort to decide more cases on the merits and to do away with the "affirmance rule." *See In re Modification of the Abstracting System— Amendments to Supreme Court Rules 2–3, 4–2, 4–3, and 4–4*, 345 Ark. App'x 626, 627 (2001). In doing so, we specifically rejected the notion that abstracting was "behind the times and wasteful of attorney's time and client's money," and we said:

It is essential for the appellate court to know the facts underlying the legal arguments in a brief. The appellate bench feels strongly that abstracting of testimony is beneficial to the judges' having confidence of their grasp of the record to facilitate a prompt and fair decision.... We know the judges benefit from it, and we believe that the time expended by attorneys is rewarded when writing the argument portion of the brief.

*Id.*

While it may cause additional delay and expense to the appellant, this court does not order rebriefing either thoughtlessly or needlessly. To the contrary, we do so *only* after considered thought, analysis, and examination of both the briefs and record on appeal. We do so, not to waste the time of counsel or the money of litigants, but to ensure that we can achieve the utmost of judicial economy and efficiency in deciding the appeals and, more importantly, to ensure that every litigant before this court receives the justice he or she seeks and deserves. For that reason, this court, as well as the court of appeals, should, and must, be consistent in our application of our rules to *every case and every litigant*, and both courts must enforce those rules in a consistent fashion to achieve the order and predictability that the appellate process requires.

pressed in my concurring opinion in *Bryan v. City of Cotter*, 2009 Ark. 172, 303 S.W.3d 64 (per curiam), that it is not sufficient to have the essence of what was before the trial court. I will not "glean" critical testimony from other parts of the brief. Again, in order to make an informed decision about an appeal, I need the benefit of the exact things the trial court relied on in making its decision.

In this case, the dissent would have the majority rely on just the corroborating testimony of a witness in reviewing the issue of whether the appellee satisfied the residency requirement set forth in Ark. Code Ann. § 9–12–307(a)(1)(A) (Repl. 2008). To do so would require this court to assume that such testimony did in fact corroborate the testimony of appellee. My job as an appellate jurist is not to speculate, glean, or assume matters that are the crux of an appeal before this court.

I realize that our rebriefing order may cause confusion where the court of appeals decided this case on its merits. That decision relies on the appellee's testimony that is in the record but not abstracted. Although the opinion is silent on this point, it appears that the court of appeals utilized the appellate rule that allows us to go to the record to affirm a lower court decision. I mention this because a review of case law from both courts reveals a disturbing trend: using the rule that we can go to the record to affirm where we are presented with a flagrantly deficient abstract or addendum. I have been an appellate court judge for twenty-eight years, and my earliest recollection of this rule is that we used it on occasion to cite further evidence not found in the abstract or addendum or in situations where we affirmed the lower court as reaching the right result but for the wrong reason. *See Brown v. State*, 374 Ark. 341, 288 S.W.3d 226 (2008) (stating that we relied on an affidavit in the record but not included in the addendum where the substance of the affidavit was available elsewhere in the abstract and appendix); *Hanlin v. State*, 356 Ark. 516, 157 S.W.3d 181 (2004) (explaining that this court will occasionally go to the record to affirm for a different reason when that alternative reason was raised and developed at the circuit court level).

While I admit that this court, myself included, has gone to the record when presented with flagrant deficiencies, I believe that we must now be clear that going to the record to affirm a case is acceptable only in limited circumstances. If we utilize this rule in a case where the evidence that is determinative to our decision is not abstracted or included in the addendum, then we must prejudge the case and know that we are going to affirm the circuit court in order to rely on evidence solely found in the record. Perhaps this practice was more acceptable under our old appellate rules where we summarily affirmed cases because of flagrant deficiencies. Now, however, our rules allow the appellant to cure such deficiencies so that this court can make an informed decision on the merits. It is up to us to fairly and consistently apply those rules.

In fact, I believe the inconsistency of our appellate courts has contributed greatly to the current dilemma we face. I do not believe the problem stems from confusion over our rules. If it were simply a matter of the rules being confusing, we would have had more problems back in 2001 when the current rule was adopted, not eight years later. I believe the real problem is the fact that attorneys are being held to two different standards. This court expects the work product submitted to us to be in compliance with our rules. The court of appeals, however, is less stringent in enforcing those same rules. I remember sitting on panels when I was on

the court of appeals, and I know it is much easier to share the record when only three judges need to review it. I also understand that with the number of cases they decide each year, the court of appeals does not want to congest its docket by sending cases back for rebriefing. Notwithstanding the differences in how our two courts operate, we must work together to consistently apply our appellate rules. In light of the fact that we are called upon to review court of appeals decisions, such as in the present case, or to decide cases that are certified to us, attorneys need to know that the briefs they submit are acceptable to both the court of appeals and this court. Such consistency is the only way to resolve this problem.

For the aforementioned reasons, I concur.

IMBER, J., joins in this concurrence.

ROBERT L. BROWN, Justice, dissenting.

I would not send this case back for rebriefing just to include the hearing where Robin Roberts (now Yang) testified about her residency in Arkansas.

My reason for concluding as I do is that rebriefing is not necessary. The jurisdictional issue raised is whether it is required by statute that Robin Yang reside in Arkansas for three months immediately before the divorce decree was entered on July 2, 2007. This issue is resolved by statutory interpretation and specifically by our interpretation of Arkansas Code Annotated section 9–12–307(a)(1)(A) relating to the three-month requirement. Thus, if we can determine from the abstract and addendum that Robin Yang resided in Arkansas for a total period of three months before entry of the decree, even though not continuous, and that this is all the statute requires, that would be sufficient for us to find jurisdiction in the circuit court.

This is easily done based on what we have before us in the abstract and addendum. First, the corroborating witness for Ms. Yang, Kaye Lundgren, testified according to the abstract, "She [Ms. Yang] was residing in Pulaski County, Arkansas in 1999 and she has continued to reside in Pulaski County until the time that she moved to New York in November 2006."

In addition, the circuit judge found in his decree that the residency requirements under section 9–12–301 had been satisfied:

The parties were married on August 23, 1997 and they have separated since on or before December 2, 2005. The plaintiff's [Ms. Yang's] witness, Kaye Lundgren, verified the plaintiff's residence in this county and state for the requisite periods of time, and her separation from the defendant [Mr. Roberts] for more than eighteen months.

When we send a case back for rebriefing, it causes additional delay and expense to the appellant. For this reason, rebriefing should only be ordered when the essential facts cannot be gleaned from the brief as filed. Here, those facts are available to this court in the present brief. In short, the abstract and addendum set forth that Ms. Yang has resided in Arkansas for three months.

For these reasons, I dissent.