2011 Ark. 374

**David Wayne FUSON, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR 10–998.**

Supreme Court of Arkansas.

Sept. 22, 2011.

Ogles Law Firm, P.A., by: John Ogles; Jacksonville; and John Wesley Hall, Little Rock, for appellant.

Dustin McDaniel, Att'y Gen., by: Deborah Nolan Gore, Ass't Att'y Gen., and David R. Raupp, Sr. Ass't Att'y Gen., for appellee.

COURTNEY HUDSON HENRY, Justice.

A jury in Crawford County found appellant David Wayne Fuson guilty of computer child pornography,[1] a class B felony, for which he received a sentence of twenty years in prison with fifteen of those years suspended. For reversal, appellant contends that the circuit court erred in denying his motions to suppress his custodial statements and to exclude the evidence seized in a search of his vehicle. We affirm.

Our review of the record reflects that on May 20, 2008, appellant initiated an online conversation in a chat room with Patti Bonewell, a detective in the Crawford County Sheriff's Department, who is affiliated with the task force combating internet crimes against children. Appellant identified himself as a thirty-four-year-old male from Stilwell, Oklahoma. Bonewell, acting undercover, posed as a fourteen-year-old female named "Kaylee" from Van Buren, Arkansas. As shown by a transcript of their online discussion dated June 6, 2008, "Kaylee" accepted appellant's invitation to meet with him late that evening after he completed his shift at work. When "Kaylee" asked what they might do, appellant replied, "Well, I can be a romantic guy and like to kiss and hold you is that ok?" Appellant also wrote that "I want to get to know you and kiss that pretty face and hold you and just some love n." "Kaylee" asked appellant if kissing her was all that he wanted to do, and appellant responded "no that's not all . . . maybe if the timing is right we can get naked." Appellant later questioned "Kaylee" as to whether she was a virgin.

After receiving directions by phone, appellant traveled from Stilwell to "Kaylee's" home in Van Buren. When he arrived, appellant parked his truck across the street from the residence, and he was arrested just before he reached the front porch of the house. Officers impounded appellant's truck, where they found condoms and lubricating jelly inside a sack.

Following his arrest, appellant executed a form waiving his rights under *Miranda* and gave a statement to Detective Ken Howard of the Crawford County Sheriff's Department. In this video-recorded interview, appellant admitted that it was his intention that evening to engage in sexual intercourse with a fourteen-year-old female. Appellant also issued a written statement, which read, "I talk[ed] to her online and I know that she was underage and I was coming over to have sex with her."

---

1. A person commits computer child pornography if the person knowingly utilizes a computer online service, internet service, or local bulletin board service to seduce, solicit, lure, or entice or attempt to seduce, solicit, lure, or entice a child or another individual believed by the person to be a child, to engage in sexually explicit conduct. Ark.Code Ann. § 5–27–603(a)(2) (Repl.2006).

Prior to trial, appellant filed a timely motion to suppress his custodial statements. Appellant claimed that his oral and written statements were made involuntarily because, immediately following appellant's waiver of rights, Detective Howard initiated the conversation by stating, "What we need to do is we just need to kind of get this cleared up tonight, so I need for you to tell me what's going on over here." Appellant contended that Howard's statement constituted a false offer of reward or leniency because it conveyed the impression that, if he cooperated, he would be allowed to go home. Appellant maintained that his claim was bolstered by Howard's subsequent statement that "I appreciate you being cooperative tonight, it's going to look a lot better on you." At the suppression hearing, Howard testified that he was familiar with the prohibition against making false promises of reward or leniency and that nothing he said during the interview was intended to be a false promise of leniency. The circuit court denied the motion to suppress by written order dated February 19, 2009.[2]

On the day of trial, appellant orally moved to exclude the evidence seized from his truck. Appellant argued that the search was not valid as a search incident to arrest under Rule 12.4 of the Arkansas Rules of Criminal Procedure because he was not in the vicinity of the truck when he was taken into custody and because Detective Bonewell did not have a reasonable belief that the truck contained anything connected with the offense. Bonewell testified on voir dire that she conducted a search of the truck incident to appellant's arrest, taking note of items that were inside the truck. She further testified that it was "our policy" to conduct an inventory of a vehicle and that she did not remove any property from the truck until she performed an inventory of its contents the following day. Bonewell also stated that, based on her experience from previous cases, perpetrators brought to such liaisons the type of things that appellant had in his truck. Based on the voir-dire examination of Bonewell, the circuit court denied appellant's motion to prohibit the introduction of the condoms and lubricating jelly, finding that the search was permitted incident to the arrest and that, in any event, the evidence inevitably would have been discovered during the inventory search of the vehicle.

At the conclusion of the evidence, which included appellant's testimony, the jury found appellant guilty as charged. Appellant appealed his conviction to the court of appeals, which affirmed. *Fuson v. State*, 2010 Ark. App. 593, 2010 WL 3582543. We then accepted appellant's petition for review. When we grant a petition for review, we treat the appeal as if it had been originally filed in this court. *Fowler v. State*, 2010 Ark. 431, 371 S.W.3d 677.

As his first point on appeal, appellant asserts that the circuit court erred in denying his motion to suppress his custodial statements. Appellant contends that Howard's comment about "clearing up" the matter that night and the statement that appellant's cooperation would be viewed favorably led him to believe that he would be released from custody if he cooperated with the police.

It is well settled that a statement induced by a false promise of reward or leniency is not a voluntary statement. *Wallace v. State*, 2009 Ark. 90, 302 S.W.3d

2. Appellant's motion to suppress also requested suppression of property seized in a search of appellant's home. The circuit court granted this aspect of the motion.

580. When a police officer makes a false promise that misleads a prisoner, and the prisoner gives a confession because of that false promise, then the confession has not been made voluntarily, knowingly, and intelligently. *Roberts v. State,* 352 Ark. 489, 102 S.W.3d 482 (2003). For the statement to be involuntary, the promise must have induced or influenced the confession. *Id.* Because "the object of the rule is not to exclude a confession of truth, but to avoid the possibility of a confession of guilt from one who is, in fact, innocent," a person seeking to have a statement excluded on the basis that a false promise was made must show that the confession induced by the false promise was untrue. *Goodwin v. State,* 373 Ark. 53, 61, 281 S.W.3d 258, 266 (2008) (quoting *Williams v. State,* 363 Ark. 395, 405, 214 S.W.3d 829, 834 (2005)).

In determining whether there has been a misleading promise of reward, we consider the totality of the circumstances. *Winston v. State,* 355 Ark. 11, 131 S.W.3d 333 (2003). The totality determination is subdivided into two main components: first, the statement of the officer and second, the vulnerability of the defendant. *Id.* If during the first step, this court decides that the officer's statement is an unambiguous false promise of leniency, there is no need to proceed to the second step because the defendant's statement is clearly involuntary. *Clark v. State,* 374 Ark. 292, 287 S.W.3d 567 (2008). We also do not move forward to the second step if we conclude that no false promise of reward or leniency was made. *See Wallace, supra.* If, however, the officer's statement is ambiguous, making it difficult for us to determine if it was truly a false promise of leniency, we must proceed to the second

step of examining the vulnerability of the defendant. *Winston, supra.* Factors to be considered in determining vulnerability include (1) the age, education, and intelligence of the accused; (2) how long it took to obtain the statement; (3) the defendant's experience, if any, with the criminal justice system; and (4) the delay between the *Miranda* warnings and the confession. *Id.*

In cases involving a ruling on the voluntariness of a confession, we review the trial court's findings of fact for clear error, and the ultimate question of whether the confession was voluntary is subject to an independent, or de novo, determination by this court. *Clark, supra.* We will reverse a trial court's ruling on this issue only if it is clearly against the preponderance of the evidence. *Flanagan v. State,* 368 Ark. 143, 243 S.W.3d 866 (2006).

In our view, Howard's statement about clearing up the matter that evening was not an unambiguous promise of leniency. This comment does not remotely suggest that appellant would be released from custody following the interview. Moreover, the notion that appellant was falsely led to believe that his release was imminent is belied by appellant's statement during the interview that "I just want to go home. *I don't know if I can,* but I just want to go home." Although appellant contends that Howard's remark that his cooperation would be viewed favorably reinforced the alleged false promise, Howard made this comment *after* appellant confessed. Therefore, this statement could not have influenced the confession.[3] We also note that appellant

3. Although appellant argues on appeal that the second comment regarding his cooperation being viewed favorably was also an inducement as a false promise of leniency that

his sentence would be lower, this argument was not made below. It is well settled that arguments not raised at trial will not be ad-

confirmed in his testimony at trial that he believed he was meeting a fourteen-year-old child that night. He also acknowledged on both direct and cross-examination that he was being honest with Detective Howard when he confessed that his purpose was to have sexual intercourse with the young girl. By this testimony, appellant waived the suppression issue by testifying at trial and adopting as true the material portions of the challenged pretrial statement. *See Goodwin, supra; Williams, supra.* For these reasons, we hold that the circuit court did not clearly err in denying the motion to suppress appellant's custodial statements.

Next, appellant contends that the circuit court erred by not suppressing the evidence discovered in his vehicle, to wit, the condoms and the lubricating jelly. He argues that the search was illegal because it did not comport with the requirements of Rule 12.4 of the Arkansas Rules of Criminal Procedure, which authorizes a warrantless search of a vehicle incident to an arrest.[4] Appellant maintains that the search was invalid because he was not in the vicinity of his vehicle and because Detective Bonewell did not have a reasonable belief that the vehicle contained things subject to seizure.

Rule 12.4 states

(a) If, at the time of the arrest, the accused is in a vehicle or in the immediate vicinity of a vehicle of which he is in apparent control, and if the circumstances of the arrest justify a reasonable belief on the part of the arresting officer that the vehicle contains things which are connected with the offense for which the arrest is made, the arresting officer may search the vehicle for such things

and seize any things subject to seizure and discovered in the course of the search.

(b) The search of a vehicle pursuant to this rule shall only be made contemporaneously with the arrest or as soon thereafter as is reasonably practicable.

When reviewing the denial of a motion to suppress evidence, this court conducts a de novo review based upon the totality of the circumstances, reversing only if the circuit court's ruling is clearly against the preponderance of the evidence. *Wagner v. State,* 2010 Ark. 389, 368 S.W.3d 914. Because the determination of a preponderance of the evidence turns on questions of credibility and the weight to be given testimony, we defer to the trial judge's superior position in this regard. *Marcyniuk v. State,* 2010 Ark. 257, 373 S.W.3d 243.

The circuit court in this instance denied the motion to suppress on two grounds. First, the court found that the search was proper under Rule 12.4. Second, the circuit court found that, even if the search was not justified by the rule, the evidence inevitably would have been discovered during the inventory search of the truck. On appeal, appellant focuses his argument entirely on the first aspect of the circuit court's ruling. He does not address the court's alternative ruling applying the inevitable-discovery rule to find that the evidence would have been found during the course of the inventory search. This court has held that, where the circuit court bases its decision on two independent grounds and appellant challenges only one ground on appeal, the appellate court will affirm without addressing either

---

dressed for the first time on appeal. *Pearcy v. State,* 2010 Ark. 454, 375 S.W.3d 622.

4. In his supplemental brief on review, appellant refers us to the decision in *Arizona v. Gant,* 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009).

basis of the circuit court's decision. *See Coleman v. Regions Bank,* 364 Ark. 59, 216 S.W.3d 569 (2005); *Pugh v. State,* 351 Ark. 5, 89 S.W.3d 909 (2002); *Pearrow v. Feagin,* 300 Ark. 274, 778 S.W.2d 941 (1989). Therefore, we do not address the merits of appellant's argument concerning the denial of the motion to suppress evidence.

We observe that appellant greatly expands his argument in his supplemental brief filed on review to contest the legality of the inventory search. Rule 2-4 of the Arkansas Supreme Court and Court of Appeals allows parties, after permission is granted, to file supplemental and reply briefs once we grant a petition for review. However, our permission to file a supplemental brief does not give an appellant leave to raise points on appeal that were not originally submitted to the court of appeals for review. *Duke v. Shinpaugh,* 375 Ark. 358, 290 |₉S.W.3d 591 (2009); *Rodriguez v. Ark. Dep't of Human Servs.,* 360 Ark. 180, 200 S.W.3d 431 (2004). As a consequence, we are precluded from addressing this expanded argument, *Duke, supra,* and we affirm because appellant failed to challenge in his opening brief both findings made by the circuit court in denying the motion to suppress.

Affirmed; court of appeals opinion vacated.