Cite as 2014 Ark. App. 239



# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-13-879

| | | |
|---|---|---|
| TERESA BEDFORD | | **Opinion Delivered** April 23, 2014 |
| | APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CR-2004-140] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE RALPH WILSON, JR., JUDGE |
| | APPELLEE | AFFIRMED |

**JOHN MAUZY PITTMAN, Judge**

Teresa Bedford pled no contest to a charge of second-degree forgery, a Class C felony, in 2004. She was sentenced as a habitual offender to a term of three years in the Arkansas Department of Correction, followed by the suspended imposition of any additional sentence for a period of ten years. In 2012, the State filed a petition to revoke appellant's suspension, alleging that she had violated its conditions by, *inter alia*, committing another act of forgery and failing to pay court-ordered costs and fees. After a hearing in 2013, the trial court found that appellant had inexcusably violated both of those conditions, revoked her suspension, and sentenced her to seven years' imprisonment. On appeal, appellant challenges the sufficiency of the evidence to support the trial court's finding that she committed a new act of forgery. We affirm.

To revoke a suspended sentence, the trial court must find by a preponderance of the evidence that the defendant inexcusably violated a condition of the suspension. *Murry v. State,*

2010 Ark. App. 782. The State bears the burden of proof, but it need only prove that the defendant committed one violation in order to sustain the revocation. *Id.* When a trial court bases its decision on alternate, independent grounds, and the appellant challenges only one of those grounds, we will affirm without addressing the merits of either. *Fuson v. State*, 2011 Ark. 374, 383 S.W.3d 848; *Camp v. State*, 66 Ark. App. 134, 991 S.W.2d 611 (1999).

Here, the trial court expressly based its decision to revoke appellant's suspension on two independent grounds: that appellant committed forgery and that she failed to pay costs and fees as previously ordered. On appeal, appellant challenges only the finding that she committed forgery. Because appellant failed to challenge the trial court's alternative ground for revocation, we must affirm. *See Bovee v. State*, 2011 Ark. App. 158; *Murry*, *supra*.

Affirmed.

HARRISON and GRUBER, JJ., agree.

*C. Brian Williams*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.