

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-15-284

| | |
|---|---|
| JERRIAN KENDALL HARRIS<br>APPELLANT | **Opinion Delivered** October 28, 2015 |
| V. | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NO. CR-02-973, CR-09-601] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE STEPHEN TABOR, JUDGE |
| | AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

Jerrian Kendall Harris appeals from the Sebastian County Circuit Court's revocation of his suspended sentences. He argues that the circuit court erred by admitting into evidence out-of-court statements that violated the Confrontation Clause. We affirm.

On August 13, 2003, Harris pled guilty to conspiracy to deliver cocaine in case number CR-02-973, and the circuit court sentenced him to forty-two months' imprisonment in the Arkansas Department of Correction ("ADC") and 138 months' suspended sentence. The terms and conditions of his suspended sentence included that Harris not violate any federal, state, or municipal law. On February 12, 2004, the State released Harris from the ADC.

On November 18, 2009, Harris pled guilty to possession of marijuana with intent to deliver, fleeing, and possession of drug paraphernalia in case number CR-09-601, and the circuit court sentenced him to 108 months' imprisonment in the ADC and 132 months'

suspended sentence. The terms and conditions of his suspended sentence included that Harris not violate any federal, state, or municipal law. On February 23, 2011, the State released Harris from the ADC.

On September 3, 2014, the State filed a petition to revoke Harris's suspended sentences in case numbers CR-02-973 and CR-09-601, alleging that, on August 21, 2014, Harris had committed the offenses of false imprisonment, aggravated assault on a family or household member, and terroristic threatening. On October 7, 2014, the State amended its petition to additionally allege that Harris had committed the offenses of tampering and violating a no-contact order on August 23, 2014, and that Harris had committed the offenses of promoting prostitution and violating a no-contact order on September 15, 2014.

On October 22, 2014, the court held a hearing on the State's amended petition. The State informed the court that the victim of the false-imprisonment, aggravated-assault, and terroristic-threatening allegations, Elizabeth Martin, was unavailable and that the State wanted to introduce her statements through other witnesses. The State offered into evidence recorded prison phone calls between Harris and Martin, along with transcripts, and asserted that the conversations were relevant to any Confrontation Clause issues concerning Martin's unavailability. Harris informed the court that he anticipated making a Confrontation Clause objection but did not contest the admission of the recordings and the transcripts. The court received the recordings and the transcripts into evidence and informed the parties that it would listen to them before the revocation hearing.

The court held the revocation hearing on December 17, 2014. At the commencement of the hearing, the State introduced into evidence a no-contact order dated August 21, 2014. The order provided that Harris have no phone contact with Martin. Harris did not object to its admission. The State then presented its case.

Laura Risner, the victim-witness coordinator, testified that she called Martin and sent her several letters but had not been able to make contact with her. Detective Robert Shibbelhut also testified that he had tried to contact Martin but had been unsuccessful.

Levi Whitson, a Fort Smith police officer, then testified that on August 21, 2014, he responded to a call at Sparks Hospital. He stated that he met Martin there and observed several cuts and scrapes on her body. He testified that Martin reported to him that she had sustained the injuries when she jumped out of a moving vehicle while trying to flee from Harris because he had refused to take her home. He further testified that Martin told him that Harris had threatened to kill her. Harris objected to Whitson's testimony and argued that Whitson could not testify as to what Martin had told him. The court overruled the objection and stated that Whitson and other witnesses could testify about what Martin had reported to them. The court stated that it "considered the [C]onfrontation argument" and noted that the prison phone call recordings between Harris and Martin demonstrated that Harris had encouraged Martin not to testify.

Corporal Virapol Sengmanivong testified that he had also come into contact with Martin at Sparks Hospital on August 21, 2014, where she told him that she had sustained her injuries when she jumped out of a moving car while attempting to flee from Harris.

SLIP OPINION

Johnny Bolinger, an officer with the street-crimes unit, testified that he had reviewed the prison phone calls between Harris and Martin. He stated that the conversations suggested that Harris was acting as Martin's pimp.

Following Bolinger's testimony, the State rested. Harris called no witnesses. The court then revoked Harris's suspended sentences. Specifically, the court stated that it found

> by a preponderance of the evidence [that Harris] ha[d] violated the terms of his suspended sentence by witness tampering, violation of a no-contact order on multiple occasions, by promoting prostitution as it relates to Ms. Martin, and commission of the offenses of false imprisonment in the first degree, aggravated assault on a family or household member, and terroristic threatening.

The court then sentenced Harris to 240 months' imprisonment in the ADC followed by seventy-eight months' suspended sentence for case number CR-02-973. As to case number CR-09-601, the court sentenced Harris to 132 months' imprisonment in the ADC on each charge to run concurrently. Harris then filed this timely appeal. On appeal, he argues that the circuit court denied him his Sixth Amendment right to confront and cross-examine Martin when it allowed the investigating officers to testify as to what Martin had told them about the August 21, 2014 incident.

To revoke a suspended sentence, the trial court must find by a preponderance of the evidence that the defendant inexcusably violated a condition of the suspension. *Murry v. State*, 2010 Ark. App. 782. The State bears the burden of proof, but it need only prove that the defendant committed one violation in order to sustain the revocation. *Id.* When a trial court bases its decision on alternate, independent grounds, and the appellant challenges only one of

those grounds, we will affirm without addressing the merits of either. *Bedford v. State*, 2014 Ark. App. 239; *Fuson v. State*, 2011 Ark. 374, 383 S.W.3d 848.

In this case, the circuit court expressly based its decision to revoke Harris's suspension on multiple grounds: (1) witness tampering, (2) violations of a no-contact order, (3) promoting prostitution, (4) false imprisonment in the first degree, (5) aggravated assault on a family or household member, and (6) terroristic threatening. However, on appeal, Harris's Sixth Amendment argument concerns only Martin's statements as to the August 21, 2014 incident and the false-imprisonment, aggravated-assault, and terroristic-threatening findings. He does not object to the court's findings of witness tampering, violations of a no-contact order, or promoting prostitution. Accordingly, because Harris failed to challenge the circuit court's alternative grounds for revocation, we must affirm.

Affirmed.

VAUGHT and HIXSON, JJ., agree.

*Aubrey L. Barr*, for appellant.
*Leslie Rutledge*, Att'y Gen., by: *Evelyn D. Gomez*, Ass't Att'y Gen., for appellee.