

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–15–930

| | |
|---|---|
| | **Opinion Delivered** August 31, 2016 |
| JAMES ROBERT VARNER<br>APPELLANT | APPEAL FROM THE SEBASTIAN<br>COUNTY CIRCUIT COURT,<br>GREENWOOD DISTRICT |
| V. | [NO. G-CR-07-40B] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE STEPHEN TABOR,<br>JUDGE |
| | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant James Varner pled guilty to possession of marijuana with intent to deliver, possession of Darvocet, and possession of drug paraphernalia, in September 2007. He was sentenced to two years' imprisonment, followed by eight years' suspended imposition of sentence (SIS). The State filed a petition to revoke appellant's SIS on July 30, 2015, alleging that appellant had violated his conditions by committing two counts of possession of drug paraphernalia, committing theft by receiving, and failing to pay his public defender fee as ordered. The revocation hearing took place on September 23, 2015. The court found that appellant had violated the terms of his SIS and sentenced him to four years' imprisonment followed by an additional four years' SIS. Appellant argues on appeal that the evidence was insufficient to support the revocation. More specifically, appellant contends that the State

failed to introduce specific evidence that he knew or should have known about the drug paraphernalia or that the motorcycle had been stolen. We affirm.

To revoke a suspended sentence, the trial court must find by a preponderance of the evidence that the defendant inexcusably violated a condition of the suspension.[1] The State bears the burden of proof, but it need only prove that the defendant committed one violation in order to sustain the revocation.[2] When a trial court bases its decision on alternate, independent grounds, and the appellant challenges only one of those grounds, we will affirm without addressing the merits of either.[3]

Here, the trial court based its decision to revoke appellant's SIS on the three grounds alleged in the State's petition. However, appellant challenges only the findings that he was in possession of drug paraphernalia and a stolen motorcycle. Because appellant failed to challenge all of the trial court's grounds for revocation, we must affirm.[4]

Affirmed.

GLADWIN, C.J., and HOOFMAN, J., agree.

*Aubrey L. Barr*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.

---

[1] *Bedford v. State*, 2014 Ark. App. 239.

[2] *Id.*

[3] *Id.*

[4] *Id.*