DAVID M. GLOVER, Judge
Teresa McCormick appeals from the revocation of her suspended sentences. We affirm.
Teresa pleaded guilty to the underlying offenses of three counts of conspiracy to deliver a controlled substance (Roxicodone ) on November 6, 2009. She received a suspended sentence on each count. The conditions of her suspended sentences included not committing any offenses punishable by imprisonment. On May 16, 2017, the State filed a petition to revoke, alleging Teresa had committed the new offenses of residential burglary and theft of property. At the conclusion of the November 7, 2017 revocation hearing, Teresa moved for a directed verdict, arguing that the State had not proved its residential-burglary basis for revocation. The trial court denied the motion and found Teresa had violated the terms and conditions of her suspended sentences. The trial court did not prepare an order setting forth its findings and conclusions; however, no objection was raised to the lack of a written order. The pertinent docket entry for November 7, 2017, provided:
Revocation plea hearing held - McCormick, Teresa - in open crt before MJM, A. Johnson/Reporter, State/McCune, Deft Pres w/PD - Ryan Norris, Sworn testimony take w/rule, PD makes oral motion for direct verdict, Crt denies motion, Crt finds Deft did viol term and conds of susp sentence, Deft sentenced to 5 yrs ADC plus 10 yrs susp on resd burglary and 10 yrs on theft of prop, Deft to pay rest, crt grants appeal bond $5,000
The sentencing order was entered on November 20, 2017. This appeal followed, with Teresa challenging only the residential-burglary basis for revocation, not the theft of property.
To revoke a suspended sentence, the trial court must find by a preponderance of the evidence that the defendant inexcusably violated a condition of the suspension. Bedford v. State , 2014 Ark. App. 239, 2014 WL 1663033. The State bears the burden of proof, but it need only prove the defendant committed one violation in order to sustain the revocation. Id. When a trial court bases its decision on alternate, independent grounds, and the appellant challenges only one of those grounds, we will affirm without addressing the merits of either. Id.
Here, Teresa challenges only one of the grounds supporting her revocation. We therefore affirm the revocation without addressing the merits of either residential burglary or theft of property.
Affirmed.
Harrison and Klappenbach, JJ., agree.